IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | Civil Action No. _____ |
| FPG SHIPHOLDING PANAMA | § | |
| 47 S.A., K LINE ENERGY SHIP | § | |
| MANAGEMENT, and the VLGC | § | |
| GENESIS RIVER, *in rem* | § | |
| | | |
| *Defendants.* | | |

********************

| | |
|---|---|
| IN THE MATTER OF KIRBY INLAND MARINE, LP, in a cause of exoneration from or limitation of liability | Rule 9(h) Admiralty <br><br> Non-Jury |

## PLAINTIFF KIRBY INLAND MARINE, LP'S ORIGINAL COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Plaintiff Kirby Inland Marine, LP ("Kirby") files this complaint and verified petition for exoneration from and/or limitation of liability against Defendants FPG Shipholding Panama 47 S.A., K Line Energy Ship Management, and the VLGC GENESIS RIVER. In support of its complaint, Kirby respectfully shows the Court as follows:

## I.
## Parties

1.     Plaintiff Kirby Inland Marine, LP is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas.    Kirby is, and at all times mentioned in this complaint was, the owner and operator of the M/V VOYAGER and its tank barges Kirby 30015T and MMI 3041.

2.     Defendant FPG Shipholding Panama 47 S.A. ("FPG Shipholding") is a corporation ("sociedad anonima") incorporated in Panama. FPG Shipholding is, and at all times mentioned in this complaint was, the owner of the VLGC GENESIS RIVER.  FPG Shipholding is not authorized to do business in Texas but, at all materials times, did business in Texas by committing a tort in Texas and/or relations with Texas entities with the intention of conducting commerce, and specifically, but not limited to maritime torts within the state, which constitutes doing business in Texas according to Section 17.042 of the Texas Civil Practices & Remedies Code. Exercising jurisdiction over FPG is reasonable.  FPG does not maintain a registered agent for service of process in Texas and Panama is not a signatory to any treaty for the service of process.  Accordingly, service may be effectuated by delivery of process through its registered agent Morgan &

Morgan, MMG Tower, 23th Floor, Ave. Paseo del Mar, Costa del Este, Panama City, Republic of Panama.

3.     Defendant "K" Line Energy Ship Management Co., Ltd. ("K Line") is a foreign corporation with its principal place of business in Tokyo, Japan.   K Line is, and at all times mentioned in this complaint was, the manager and/or operator of the VLGC GENESIS RIVER.   K Line is not authorized to do business in Texas but, at all materials times, did business in Texas by committing a tort in Texas and specifically, but not limited to maritime torts within the state, which constitutes doing business in Texas according to Section 17.042 of the Texas Civil Practices & Remedies Code. Exercising jurisdiction over K Line is reasonable.   Pursuant to Fed. R. Civ. P. 4 and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, K Line may be served with process by service on its President or Officer in Charge at its home office at 15th Floor, Iino Bldg., 1-1, Uchi-Saiwaicho 2-Chome, Chiyoda-Ku, Tokyo 100-0011, Japan.

4.     Defendant VLGC GENESIS RIVER is a Panamanian flagged LPG tanker, bearing IMO no. 9791224 and call sign H3UA.  The vessel may be served by substituted service of process upon the Texas Secretary of State or by serving the vessel's owner via the vessel's operating company, K-Line at 15th Floor, Iino Bldg., 1-1, Uchi-Saiwaicho 2-Chome, Chiyoda-Ku, Tokyo 100-

0011, Japan, in accordance with the Hague Convention. Alternatively, the vessel's owner may be served directly as prescribed by Federal Rule of Civil Procedure 4(h)(2) and Panamanian law.

## II.
## Jurisdiction and Venue

5.    This is a cause of admiralty, maritime, and other federal jurisdiction, brought under Rule 9(h) of the Federal Rules of Civil Procedure, Supplemental Admiralty Rules C and F, 28 U.S.C. §§ 1331, 1333, 1367, and 33 U.S.C. § 2717(b).

6.    Venue is proper in this district pursuant to Supplemental Admiralty Rule F(9), and 33 U.S.C. § 2717(b) because the collision and ensuing spill at issue occurred in this district and personal jurisdiction can be obtained over the defendants named herein.

## III.
## Facts

7.    Kirby is the owner and operator of the M/V VOYAGER and the tank barges Kirby 30015T and MMI 3041.  Kirby was responsible for the management, manning, victualing, and operation of these vessels.  The M/V VOYAGER, bearing Official Number 563475, is a towing vessel of the United States with a gross tonnage of 155 GRT.  The tank barge Kirby 300015T, bearing Official Number 1045801, was a tank barge without propulsive power with a gross tonnage of 1619 GRT.  The tank barge MMI 3041, bearing

Official Number 1145645, was a tank barge without propulsive power with a gross tonnage of 1619 GFT.  Kirby exercised all required due diligence to make and maintain the M/V VOYAGER, Kirby 30015T, and MMI 3041 in a seaworthy condition and at all times hereinafter described until the time of the collision solely caused by the LPGC GENESIS RIVER, these vessels were tight, staunch, strong, fully and properly equipped and supplied, and in all respects seaworthy and fit for the services for which they were engaged.

8.     On May 10, 2019, the M/V VOYAGER was pushing the two breasted tank barges, the Kirby 30015T and the MMI 3041, proceeding inbound in the barge lane of Houston Ship Channel.  The M/V VOYAGER was transiting in the barge lane on the "red" side of the channel, which is the customary and normal route for an inbound tug with barges.  The VLGC GENESIS RIVER, a 755-foot tanker, was outbound in the channel, on the "green" side.  At the time of the incident, the M/V VOYAGER and her barges were clearly visible to outbound traffic and within sight of the VLGC GENESIS RIVER.  Nevertheless, the VLGC GENESIS RIVER suddenly and unexpectedly altered its course to the port, crossing the channel and placing it on a collision course with the M/V VOYAGER and her tow. Unable to control the vessel, the pilot of the VLGC GENESIS RIVER demanded that the captain of the M/V VOYAGER cross towards the green side of the channel in an effort to avoid the collision.   The captain of the M/V VOYAGER

complied.   After the M/V VOYAGER carried out the requested evasive maneuver and was attempting to escape toward the green side of the channel, the VLGC GENESIS RIVER uncontrollably and unexpectedly altered course to the starboard, once again placing it on a collision course with the M/V VOYAGER and her tow.  Realizing that a collision could not be avoided, the pilot of the VLGC GENESIS RIVER altered course directly into the KIRBY 30015T in an effort to avoid directly impacting the manned M/V VOYAGER.  The force of the collision caused the bow of the VLGC GENESIS RIVER to penetrate beyond the double hull of the KIRBY 30015T, resulting in a spill of reformate, and caused the MMI 3041 to capsize.

9.    The collision between the VLGC GENESIS RIVER and the M/V VOYAGER and her tow and the resulting reformate discharge were not proximately caused by Kirby or the M/V VOYAGER or Kirby 30015T or MMI 3041, but instead were proximately caused by the sole fault, negligence, and/or other acts of the VLGC GENESIS RIVER, FPG Shipholding, K Line, and/or their agents, servants, employees, and/or other persons for whom they are responsible.

10.    The VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible were the sole or contributing cause of the collision and resulting damages in the following respects:

6

a. Incompetence and inattention to their duties;

b. Failing to make use of all available means to determine that the risk of collision existed;

c. Turning to the port into the path of the oncoming M/V VOYAGER and her tow when the VLGC GENESIS RIVER was required to keep to the side of the channel that was on her starboard side;

d. The VLGC GENESIS RIVER failed to navigate properly in accordance with the applicable rules of navigation and/or passing agreements and customs of the Houston Ship Channel;

e. The VLGC GENESIS RIVER failed to maintain a proper lookout and failed to maintain a proper listening watch;

f. The VLGC GENESIS RIVER failed to take reasonable action to prevent the collision or minimize the effect thereof;

g. The VLGC GENESIS RIVER failed to chart and maintain a safe speed and course;

h. The VLGC GENESIS RIVER's crew was not properly trained or managed to safely navigate the vessel;

i. The VLGC GENESIS RIVER was unseaworthy;

    j.  Failing     to     exercise     reasonable     care     under     the circumstances; and

    k.  Other acts of negligence and/or unseaworthiness that may be determined as discovery progresses.

11.    The VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible violated statutory regulations, standards and laws designed and enacted to prevent incidents such as the one forming the basis of this suit. Pursuant to the rule of *The PENNSYLVANIA*, 86 U.S. (19 Wall.) 125, 22 L. Ed. 148 (1874), the VLGC GENESIS RIVER, FPG Shipholding, and K Line have the burden of showing "not merely that [their] fault might not have been one of the causes [of the loss], or that it probably was not, but that it could not have been." The VLGC GENESIS RIVER, FPG Shipholding, and K Line are also liable under the doctrine of negligence *per se*.

12.    The United States Coast Guard, the Texas Commission on Environmental Quality, and other units of federal, state, and local governments responded to the spill. Since then, Kirby conducted cleanup operations and is participating in cooperative natural resource damage assessment (NRDA) under the Oil Pollution Act of 1990 ("OPA") with local, state and federal agencies. OPA establishes the framework for addressing the liability of responsible parties in connection with the discharge of the

product into the navigable waters of the United States, adjoining shorelines, or the exclusive economic zone.

13.     The purpose of OPA is to facilitate prompt cleanup of oil spills. Therefore, under OPA, Kirby—solely because it is the owner of the vessel from which reformate was discharged after the collision—is considered the initial "responsible party" charged with removal costs and damages even though Kirby was not at fault.  Pursuant to OPA, Kirby has participated in cleanup efforts and entered into a cooperative agreement to participate and fund ongoing natural resource damage assessment studies with state and federal trustees. In addition, as the initial "responsible party," Kirby is potentially subject to claims by individuals and businesses for monetary damages.  In addition to the claims it faces pursuant to OPA, numerous parties have asserted personal injury and other claims that are not subject to OPA.

14.     As a result of the collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow, Kirby has incurred significant damages of its own.  The collision capsized and/or damaged the MMI 3041 and Kirby 30015T, requiring Kirby to incur significant towing, survey, superintendent, salvage, repair and other costs.  In addition, Kirby has been denied the use of these vessels as a result of the collision.  These damages are in addition to

the OPA removal costs and potential damages to various claimants that Kirby has incurred and will incur during the pendency of this case.

## IV.
## Causes of Action

*Count I – Subrogation under the Oil Pollution Act*

15.    Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

16.    The VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible were the sole cause of the May 10, 2019 collision with the M/V VOYAGER and its tow and the resulting discharge of reformate.

17.    Because the VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible were the sole cause of the collision and resulting discharge and should be treated as the responsible party, OPA entitles Kirby to be subrogated to "all rights of the United States Government and the claimant[s] to recover removal costs of damages from" the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line.  33 U.S.C. § 2701(d)(a)(B).

18.    Alternatively, in the event that it is ultimately determined that the VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible

were not the sole cause of the collision and resulting spill, the acts and/or omissions of VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible nevertheless were a contributing proximate cause. Under OPA, Kirby is therefore "subrogated to all rights, claims, and causes of action that the claimant has under any other law." 33 U.S.C. § 2715.

19.   Under these provisions, Kirby seeks payment through subrogation against the VLGC GENESIS RIVER, FPG Shipholding, and K Line for their complete or, in the alternative, partial fault in causing the oil spill.

20.   Kirby is entitled to recover from the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line directly by subrogation all costs that Kirby has incurred, and will incur, for the removal of reformate due to the collision as well as all claims from damages against Kirby.

*Count II – Contribution under the Oil Pollution Act*

21.   Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

22.   As set forth above, Kirby, as owner and operator of the M/V VOYAGER and its tow, has been deemed the "responsible party" under OPA with respect to removal costs and claims associated with the discharge on May 10, 2019. As the responsible party, Kirby has incurred, and will

11

continue to incur, significant costs for spill removal and claims against Kirby pursuant to OPA § 3702(b) and other federal and state laws.

23.    Because the VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible were the sole cause, or at least a contributing cause, of the collision and resulting discharge, the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line are liable or potentially liable under OPA and other laws.

24.    OPA creates a right of contribution against any other person who is liable or potentially liable for a spill. 33 U.S.C. § 2709. Such a person may bring a contribution action under OPA against any third party who may be liable for the underlying incident under OPA or any other law, such as state law or general maritime law. *Id.*

25.    Kirby is therefore entitled to recover from the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line in contribution for costs that Kirby has incurred, and will incur, for the removal of reformate due to the collision as well as all claims for damages against Kirby.

*Count III – Texas Oil Spill Prevention and Response Act of 1991*

26.    Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

27.     In addition to OPA, Texas has enacted its own statutory scheme governing oil spills, the Texas Oil Spill Prevention and Response Act of 1991, Texas Natural Resources Code Chapter 40.   Under the Texas Act, Kirby has responsibilities similar to under OPA to respond to the spill in order to quickly contain and remove product from the discharge.   Kirby has fully cooperated with state authorities to undertake these responsibilities.

28.     However, because the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line is responsible, solely or in part, for the collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow, Kirby is subrogated to, and may therefore recover against, the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line under the Texas Act for any claims or damages that it has paid or may pay in the future.

*Count IV – Maritime Claims*

29.     Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

30.     The acts and/or omissions of the VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible, as more fully set forth above, constitute unseaworthiness, negligence, and/or negligence *per se* under general maritime law.

13

31.     Kirby is therefore entitled, under general maritime law, to recover from the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line for its damages, including damages to its vessels, loss in revenue, costs incurred for cleanup and removal, current and future claims by other claimants, and any and all other damages that Kirby has or may incur as a result of the May 10, 2019 collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow.

*Count V – State Common Law Claims*

32.     Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

33.     The acts or omissions of the VLGC GENESIS RIVER, FPG Shipholding, K Line and/or their agents, servants, employees, and/or other persons for whom they are responsible proximately resulted in damages sustained by Kirby.

34.     Those acts or omissions constituted negligence or negligence per se on the part of the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line. As such, Kirby is entitled to recover from the VLGC GENESIS RIVER, FPG Shipholding, and/or K Line all of its damages resulting from the collision.

*Count VI –Limitation of Liability Under the Oil Pollution Act*

35.    Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

36.    In the alternative, in the event that Kirby should be held responsible in any way, Kirby claims the benefits of the limitations of liability provisions of OPA, 33 U.S.C. § 2704.

37.    OPA's limitation of liability is based on the gross registered tonnage of vessel.  The current limitations are found at 33 C.F.R. § 138.230. The vessel from which the discharge emanated was the Kirby 30015T. Pursuant to 33 C.F.R. § 138.230, the limitation of liability for the Kirby 30015T is $4,699,200.

*Count VII –Shipowner's Limitation of Liability Act*

38.    Kirby incorporates by reference each of the preceding paragraphs as if fully set forth herein.

39.    To the extent that OPA is not applicable, Kirby is entitled to limit its liability under the Shipowner's Limitation of Liability Act of 1851.

40.    Kirby claims exoneration from all liability for all losses, damages, injuries, and destruction incurred as a result of the May 10, 2019 collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow.

41.    Without admitting, but affirmatively denying all liability, Kirby claims the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*.

and all laws supplementary thereto and amendatory thereof, because all the losses, damages, injuries, and/or destruction resulting from the May 10, 2019 collision occurred without the privity or knowledge of Kirby.

42.     At the termination of the voyage underway on May 10, 2019, the value of Kirby's interest in the M/V VOYAGER is $1,000,000.00, the value of Kirby's interest in tank barge Kirby 30015T is $70,000.00, and the value of Kirby's interest in tank barge MMI 3041 is $836,000.00. (*See* Ex. 1, Declaration of William J. Hatfield).  On May 10, 2019, the amount of freight pending for the M/V VOYAGER was $110,000. (See Ex. 2, Declaration of Mel Jodeit).   Accordingly, the total amount of the Limitation of Liability Act fund is $2,016,000.00.

43.     Kirby files contemporaneously herewith an Ad Interim Stipulation of Value of Security for the deposit into this Honorable Court of the aggregate amount of Petitioner's interest in the M/V VOYAGER, Kirby Barge 30015T, and MMI 3041 plus her freight pending at the termination of the voyage, with interest at the rate of six percent (6%) per annum from the date of the deposit of the security as may be ascertained and determined to be necessary under any orders of this Court.

44.     Pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Kirby is required to furnish security for

costs. Accordingly, Kirby will file a check in the amount of $500.00 once the Court enters an order allowing a cash deposit in lieu of filing a cost bond.

45.     Kirby claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the May 10, 2019 collision between the VLGC GENESIS RIVER and the M/V VOYAGER and her tow.

46.     Kirby further avers that it has valid defenses to the merits of any and all such claims. Kirby specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. § 30501 *et seq.* and all statutes amendatory thereof and supplementary thereto.

47.     Pursuant to 46 U.S.C. § 30501 *et seq.*, Kirby is entitled to have all claims and issues concerning the May 10, 2019 collision consolidated in a single proceeding before the United States District Court for the Southern District of Texas sitting in Admiralty.

## V.
## Prayer

WHEREFORE, Kirby Inland Marine, LP prays that, after trial or final hearing hereof, it has judgment against Defendants for the following:

a.     All costs incurred by Kirby under 33 U.S.C. § 2702 for removal costs and damages associated with the May 10, 2019 collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow;

b.   Alternatively, contribution for, or subrogation to, a proportionate amount of all costs incurred by Kirby under 33 U.S.C. § 2702 for removal costs and damages associated with the May 10, 2019 collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow;

c.   All damages incurred by Kirby, including recovery of damages to the M/V VOYAGER, the Kirby 30015T, and the MMI 3041;

d.   All loss of revenue to Kirby as a result of the May 10, 2019 collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow;

e.   Limiting Kirby's OPA liability, if any, as a result of the May 10, 2019 collision between the VLGC GENESIS RIVER and the M/V VOYAGER and its tow to $4,699,200;

f.   An order approving the aforementioned Ad Interim Stipulation of Value deposited with the Court as security for the amount of value of Kirby's interest in the M/V VOYAGER, Kirby 30015T, and MMI 3041;

g.   An order issuing a notice to all persons, firms, associations, or corporations asserting non-OPA claims with respect to which Kirby seeks exoneration from, or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Kirby a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest either the right to exoneration form, or the right to limitation of liability that claimant shall file and serve on the attorneys from Kirby an answer or the complaint on or before the said date;

h.   An order enjoining the prosecution of any and all non-OPA actions, suits, or proceedings which may be commenced, of any nature of description whatsoever in any jurisdiction against Kirby or any other property of Kirby or against Kirby's employees or underwriters, except in this action, to recover damages allegedly resulting from the May 10, 2019 collision;

i.   An order adjudging the Kirby is not liable to any extent for any damages resulting from the May 10, 2019 collision;

18

j.  Alternatively, with respect to non-OPA claims, if Kirby is adjudged liable, Kirby prays that any liability be limited to the amount of value of Kirby's interest in the M/V VOYAGER, Kirby 30015T, and MMI 3041 at the end of the May 10, 2019 voyage, plus pending freight, and that Kirby be discharged therefrom upon surrender of such interest and that the money surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Kirby has prayed, saving to all parties any priorities to which they may be legally entitled that that decree be entered discharging Kirby form all further liability;

k.  Pre-judgment and post-judgment interest at the maximum rate allowed under law;

l.  All costs and expenses of litigation, as set forth herein;

m.  Costs of court;

n.  All further relief, at law or in equity, general or special, to which Kirby may be entitled.

Respectfully submitted,

SHIPLEY SNELL MONTGOMERY LLP

By:     /s/ George T. Shipley
        George T. Shipley
        State Bar No. 18267100
        Federal ID No. 02118
        712 Main Street, Suite 1400
        Houston, Texas 77002
        Telephone:  (713) 652-5920
        Facsimile:   (713) 652-3057
        gshipley@shipleysnell.com

ATTORNEY-IN-CHARGE FOR
KIRBY INLAND MARINE, LP

19

OF COUNSEL:

Amy L. Snell
State Bar No. 24002968
Federal ID No. 23039
SHIPLEY SNELL MONTGOMERY LLP
712 Main Street, Suite 1400
Houston, Texas 77002-3201
Telephone:  (713) 652-5920
Facsimile:   (713) 652-3057
asnell@shipleysnell.com

AND

Bijan R. Siahatgar
S.D.T.X. No. 13796
Clark Hill Strasburger
bijan.siahatgar@clarkhillstrasburger.com
CLARK HILL STRASBURGER
John K. Spiller
S.D.T.X. 13993
john.spiller@clarkhillstrasburger.com
Misha Paltiyevich
S.D.T.X. No. 3060542
misha.palteyevich@clarkhillstrasburger.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
T:  713.951-5600
F:  713.951-5660

**VERIFICATION**

STATE OF TEXAS     §
                     §     **KNOW ALL MEN BY THESE PRESENTS**
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day did personally appear George Shipley, known to me to be the person executing this affidavit and upon having been duly sworn upon his oath did depose and state as follows:

1. My name is George Shipley. I am over 18 years of age, of sound mind, and have never been convicted of a felony or crime involving moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the lead counsel for Kirby Inland Marine, LP in the action to be filed in the Southern District of Texas, Galveston Division, styled *Kirby Inland Marine, LP v. FPG SHIPHOLDING PANAMA 47 S.A., K LINE ENERGY SHIP MANAGEMENT, and the VLGC GENESIS RIVER* and *In the Matter of Kirby Inland Marine, LP, in a Cause of Exoneration From or Limitation of Liability*.

3. I have read the Complaint for Exoneration from or Limitation of Liability with which this Verification is filed, and certify that the facts contained in Count VII therein are true and correct based upon my personal knowledge and/or best information and belief. The sources of my information and the grounds for my belief as to all matters stated herein are documents of and communications with said corporations and/or their employees.

Further Affiant sayeth not.

By: _George T Shipley_
                George Shipley

GIVEN UNDER my hand and official seal of office this 19th day of June 2019.

_Carla Jackson Moore_
Notary Public in and for the State of Texas
My Commission Expires: _____

CARLA JACKSON MOORE
Notary Public, State of Texas
Comm. Expires 03-14-2022
Notary ID 8830679