IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DISTRICT

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:19-CV-00207 |
| | § | |
| FPG SHIPHOLDING PANAMA 47 S.A., | § | |
| K LINE ENERGY SHIP MANAGEMENT, | § | |
| and the VLGC GENESIS RIVER, *in rem* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN THE MATTER OF KIRBY INLAND MARINE, LP, in a cause of exoneration from or limitation of liability | Rule 9(h) Admiralty<br><br>Non-Jury |

### ORIGINAL ANSWER OF THE GENESIS RIVER DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendants FPG Shipholding Panama 47 S.A. ("FPG") and "K" Line Energy Ship Management Co., Ltd. ("K Line"), *in personam*, and Genesis River Shipping, S.A., FPG, Ship No. 138 Co. Ltd., and Ship No. 139 Co. Ltd., the Claimants appearing on behalf of the *in rem* Defendant, VLGC GENESIS RIVER pursuant to the previously-filed Verified Statement of Right or Interest [Doc. 8] (collectively, the "Genesis River Defendants") file this Answer to the Original Complaint and Complaint and Petition for Exoneration From or Limitation of Liability (the "Complaint") of Kirby Inland Marine, LP ("Plaintiff" or "Kirby"), and respectfully show as follows:

**FIRST DEFENSE**

Pursuant to Rule 12(b)(6), FED. R. CIV. P., Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's chosen venue is improper, and venue should be transferred to the Houston Division pursuant to 28 U.S.C. § 1404(a).

**THIRD DEFENSE**

Plaintiff's Affidavit of Value attached to the Complaint is inadequate and the valuation of the T/V VOYAGER, tank barge Kirby 30015T, and tank barge MMI 3041 (collectively, the "VOYAGER Flotilla") and pending freight is insufficient. The Genesis River Defendants reserve the right to contest the valuation of the Voyager Flotilla and the alleged value of pending freight and to request an appraisal of said vessels.

**FOURTH DEFENSE**

The May 10, 2019 collision was not caused or contributed to by any unseaworthiness of GENESIS RIVER, or negligence or other legal fault on the part of the Genesis River Defendants or on the part of anyone for whom the Genesis River Defendants are legally responsible. The damages arising from said collision were caused, in whole or in part, by unseaworthiness of the Voyager Flotilla and by the negligence and other legal fault of the agents, servants, owners and employees of Plaintiff, all of which were within the knowledge or privity of Plaintiff. Plaintiff is therefore not entitled to exoneration from or limitation of liability. The Genesis River Defendants reserve the

right to amend and supplement this defense to allege further and/or different faults, unseaworthiness and/or negligent acts and omissions as the evidence may disclose.

### FIFTH DEFENSE

The Genesis River Defendants assert that none of the damages resulting from the collision between the VOYAGER Flotilla and GENESIS RIVER were caused by anyone for whom the Genesis River Defendants are legally responsible or by any unseaworthy condition of GENESIS RIVER.

### SIXTH DEFENSE

The Genesis River Defendants assert that the collision and the damages caused by the collision were solely or partially caused by the fault of third parties for whom the Genesis River Defendants are not liable.

### SEVENTH DEFENSE

FPG and K Line are not liable, *in personam*, for the negligence or fault, if any, of the compulsory pilots aboard GENESIS RIVER.

### EIGHTH DEFENSE

The Genesis River Defendants plead limitation of liability, under the Limitation of Liability Act of 1851, the Oil Pollution Act of 1990 (OPA), and/or any other applicable law, as a defense as no acts of fault were within the privity and knowledge of the Genesis River Defendants.

### NINTH DEFENSE

The Genesis River Defendants respond to the allegations within the Complaint in correspondingly-numbered paragraphs as follows:

1. The Genesis River Defendants do not have sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 1; alternatively, the allegations are denied.

2. The Genesis River Defendants admit that FPG is the registered owner of GENESIS RIVER and that FPG does not maintain a registered agent in Texas. The remaining allegations in Paragraph 2 are denied.

3. The Genesis River Defendants admit that K Line is the manager of GENESIS RIVER and that K Line does not maintain a registered agent in Texas. The remaining allegations in Paragraph 3 are denied.

4. The Genesis River Defendants admit that GENESIS RIVER is a Panamanian-flagged LPG tanker bearing IMO No. 9791224 and call sign H3UA. The remaining allegations in Paragraph 4 are denied.

5. The allegations in Paragraph 5 are admitted.

6. The Genesis River Defendants admit that venue is proper in the Southern District of Texas, as the collision and ensuing spill occurred in this District. However, the Genesis River Defendants deny that venue is proper in this Division. The collision and ensuing spill occurred in the Houston Division (in Galveston Bay, off the coast of Pasadena/Seabrook).

7. The Genesis River Defendants do not have sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 7; alternatively, the allegations are denied.

8. The Genesis River Defendants further admit that, on May 10, 2019, there was a collision in the Houston Ship Channel between the inbound VOYAGER Flotilla (specifically tank barge KIRBY 30015T) and the outbound GENESIS RIVER, and, due to the efforts of GENESIS RIVER's crew and pilot, a collision with the manned VOYAGER tugboat was avoided.  The Genesis River Defendants additionally admit that the bow of GENESIS RIVER penetrated tank barge KIRBY 30015T, tank barge MMI 3041 capsized, and the VOYAGER Flotilla's reformate cargo spilled following the collision.  The remaining allegations in Paragraph 8 are denied.

9. The allegations in Paragraph 9 are denied.

10. The allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 are admitted.

13. The allegations in Paragraph 13 are admitted.

14. The Genesis River Defendants do not have sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 14; alternatively, the allegations are denied.

15. The allegations in Paragraph 15 do not require a response; alternatively, the allegations are denied.

16. The allegations in Paragraph 16 are denied.

17. The allegations in Paragraph 17 are denied.

18. The allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 do not require a response; alternatively, the allegations are denied.

22. The Genesis River Defendants do not have sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 22; alternatively, the allegations are denied.

23. The allegations in Paragraph 23 are denied.

24. Paragraph 24 presents legal conclusions and questions of law to be determined by the Court, to which no answer is required. To the extent a response is required, the Genesis River Defendants admit that OPA provides a framework for a contribution claim.

25. The allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 do not require a response; alternatively, the allegations are denied.

27. The Genesis River Defendants admit that there is a statutory framework under Texas law regarding responses to oil spills, including the Texas Oil Spill Prevention and Response Act of 1991. The remaining allegations in Paragraph 27 are denied.

28. The allegations in Paragraph 28 are denied.

29. The allegations in Paragraph 29 do not require a response; alternatively, the allegations are denied.

30. The allegations in Paragraph 30 are denied.

31. The allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 do not require a response; alternatively, the allegations are denied.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 are denied.

35. The allegations in Paragraph 35 do not require a response; alternatively, the allegations are denied.

36. The allegations in Paragraph 36 do not require a response; alternatively, the allegations are denied.

37. Paragraph 37 presents legal conclusions and questions of law to be determined by the Court, to which no answer is required. To the extent a response is required, the Genesis River Defendants admit that OPA includes a limitation of liability based on the gross registered tonnage of the vessel (*see*, e.g., 33 C.F.R. § 138.230), and the remaining allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 do not require a response; alternatively, the allegations are denied.

39. The allegations in Paragraph 39 are denied.

40. The allegations in Paragraph 40 do not require a response; alternatively, the allegations are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraph 42 are denied.

43. The allegations in Paragraph 43 do not require a response; alternatively, the allegations are denied.

44. The allegations in Paragraph 44 do not require a response; alternatively, the allegations are denied.

45. The allegations in Paragraph 45 do not require a response; alternatively, the allegations are denied.

46. The allegations in Paragraph 46 are denied.

47. Paragraph 47 presents legal conclusions and questions of law to be determined by the Court, to which no answer is required. To the extent a response is required, the allegations in Paragraph 47 are denied.

48. To the extent a response is required, the allegations in the Prayer of the Complaint are denied.

## **PRAYER**

WHEREFORE, the Genesis River Defendants pray that the Complaint be dismissed or, alternatively, denied. The Genesis River Defendants also pray for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By:   /s/ Dimitri P. Georgantas
     Dimitri P. Georgantas
     Texas State Bar No.: 07805100
     Fed. I.D. No.: 2805
     Eugene W. Barr
     Texas State Bar No.: 24059425
     Fed. I.D. No.: 1144784
     Kevin P. Walters
     Texas State Bar No.: 20818000
     Fed. I.D. No.: 5649
     ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
     1600 Smith Street, Suite 5000
     Houston, Texas 77002
     Telephone:    713.224.8380
     Facsimile:     713.225.9545
     dimitri.georgantas@roystonlaw.com
     eugene.barr@roystonlaw.com
     kevin.walters@roystonlaw.com

     **ATTORNEYS FOR**
     **THE GENESIS RIVER DEFENDANTS**

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following attorney(s) of record on this, the 1st day of August, 2019.

George T. Shipley
Amy L. Snell
SHIPLEY SNELL MONTGOMERY, LLP
712 Main Street, Suite 1400
Houston, Texas 77002

Bijan R. Siahatgar
John K. Spiller
Misha Paltiyevich
CLARK HILL STRASBURGER
909 Fannin Street, Suite 2300
Houston, Texas 77010

                                                        /s/ Eugene W. Barr
                                                     Eugene W. Barr