IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DISTRICT

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:19-CV-00207 |
| | § | |
| FPG SHIPHOLDING PANAMA 47 S.A., | § | |
| K LINE ENERGY SHIP MANAGEMENT, | § | |
| and the VLGC GENESIS RIVER, *in rem* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN THE MATTER OF KIRBY INLAND | Rule 9(h) Admiralty |
| MARINE, LP, in a cause of exoneration | |
| from or limitation of liability | Non-Jury |

## THE GENESIS RIVER CLAIMANTS' <u>VERIFIED ORIGINAL THIRD-PARTY COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, FPG Shipholding Panama 47 S.A. ("FPG"), "K" Line Energy Ship Management Co., Ltd. ("K Line"), *in personam*, and Genesis River Shipping, S.A., FPG, Ship No. 138 Co. Ltd., and Ship No. 139 Co. Ltd., the Claimants appearing on behalf of the *in rem* Defendant, VLGC GENESIS RIVER pursuant to the previously-filed Verified Statement of Right or Interest [Dkt. #8] (collectively, "Third-Party Plaintiffs" or the "Genesis River Claimants") and file this their Verified Original Third-Party Complaint, complaining of BW VLGC Ltd., BW Gas AS, and BW Fleet Management AS, *in personam*, and the VLGC BW OAK, *in rem*, and in support would show the following:

## JURISDICTION

1. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims asserted in this Third-Party Complaint because the claims asserted in the Third-Party Complaint arise out of the same facts and circumstances as the claims asserted in Plaintiff's Original Complaint and are so related to the claims asserted that they form part of the same case and controversy. Further, this Court has admiralty jurisdiction pursuant to 28 U.S.C. 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Third-Party Defendant vessel was within the District at the time of the incident in question and, therefore, within the jurisdiction of the Court.

## PARTIES

2. Plaintiff Kirby Inland Marine, LP ("Plaintiff" or "Kirby") is an entity organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. Kirby is the owner and operator of the tugboat VOYAGER and tank barges Kirby 30015T and MMI 3041 (collectively, the "VOYAGER Flotilla")

3. The Genesis River Claimants are foreign business entities that have ownership, management, and/or charterer interests with respect to the VLGC GENESIS RIVER.

4. The VLGC BW OAK (IMO No. 9320764), the *in rem* Third-Party Defendant, is a LPG carrier. BW OAK is or will be within the District during the pendency of this

proceeding.[1] Third-Party Defendants BW VLGC, Ltd., BW Gas AS, and BW Fleet Management AS are foreign business entities with their principal place of business in Norway. BW VLGC, Ltd. is the registered owner of BW OAK. BW Gas AS and BW Fleet Management AS are the managers of BW OAK. Third-Party Defendants are collectively referred to as the ("Third-Party Defendants" or the "BW OAK Defendants").

## FACTS

6. On May 10, 2019, GENESIS RIVER was underway outbound in the Houston Ship Channel. At all relevant times, GENESIS RIVER was in all respects, staunch, fit, seaworthy, and properly navigated.

7. As GENESIS RIVER traveled in the vicinity of the intersection between the Houston Ship Channel and the Bayport Ship Channel, GENESIS RIVER was met by BW OAK, which was travelling inbound in the Houston Ship Channel.

8. BW OAK failed to properly execute its meeting with GENESIS RIVER. Specifically, during the course of the events leading up to and during the meeting, the positions and movements of BW OAK impaired the navigation of GENESIS RIVER. For instance, BW OAK failed to properly allow GENESIS RIVER to proceed at a sufficient distance away from the bank of the Houston Ship Channel, and BW OAK improperly transited in too close of proximity to GENESIS RIVER during the course of these events. Additionally, BW OAK was travelling at an excessive speed and met

---

[1] A Letter of Undertaking has been provided to Third-Party Plaintiffs in which it has been agreed that an appearance will be made in response to the *in rem* claims against BW OAK.

GENESIS RIVER at an improper location (i.e., at/near the Bayport Flare), which BW OAK's pilot and crew should have known was problematic for execution of the meeting.

9. GENESIS RIVER's navigation was impaired by BW OAK, and the physical forces that resulted from BW OAK's improper actions substantially disrupted GENESIS RIVER's movements, ultimately causing GENESIS RIVER to proceed to the opposite bank of the Houston Ship Channel and precipitated the subsequent collision between GENESIS RIVER and the VOYAGER Flotilla.

10. The collision resulted in physical damage to GENESIS RIVER and the VOYAGER Flotilla, as well as the release of the reformate cargo that was loaded aboard the VOYAGER Flotilla.

## **CLAIMS**

11. Plaintiff has filed a complaint against FPG and K Line in this action. Pursuant to FED. R. CIV. P. 14(a) & (c), Third-Party Plaintiffs would show that Third-Party Defendants are wholly or partially liable to Third-Party Plaintiffs for remedy over, contribution, and/or otherwise on account of damages to GENESIS RIVER and/or the VOYAGER Flotilla as a result of the collision.

12. Under general maritime law, Third-Party Defendants owed Third-Party Plaintiffs and Plaintiff a duty to observe the standards of good and prudent seamanship, and a duty to exercise ordinary and reasonable care while operating in the Houston Ship Channel.

13. Additionally, Third-Party Defendants had the statutory duty to follow the Inland Navigation Rules and the United States Coast Guard regulations while navigating the Houston Ship Channel so as to minimize the risk of collision.

14. Third-Party Defendants breached these duties through the following instances of negligence, negligence *per se*, gross negligence, and/or recklessness:

    (a)    The unseaworthy condition of BW OAK;

    (b)    Failure to navigate, steer, and control BW OAK properly and in accordance with the applicable rules of navigation, meeting agreements, and/or industry customs;

    (c)    Carelessly navigating BW OAK without taking into consideration all forces to be taken into account by a competent navigator;

    (d)    Failure to properly supervise the BW OAK's crew;

    (e)    Failure to properly train their employees and/or the BW OAK's crew;

    (f)    Operating BW OAK with an inadequate crew;

    (g)    Failure to take reasonable action to prevent or minimize the events that precipitated the collision;

    (h)    Failure to operate BW OAK with ordinary and reasonable care;

    (i)    Negligently implementing or failing to implement policies and procedures appropriate to conduct maritime operations safely;

    (j)    Violating U.S. Coast Guard, IMO, and/or other applicable regulations intended to prevent collisions at sea; and

(k) Other acts or omissions deemed negligent, grossly negligent, negligent *per se*, and/or reckless to be shown at trial.

15. The BW OAK Defendants were negligent in operating, manning, training, and/or controlling BW OAK. Moreover, the captain, pilot, and/or crew of BW OAK were negligent in BW OAK's navigation before and at the time of this incident, and such negligence resulted in the collision and the related damages arising from the collision. Such negligence was the proximate cause of the collision and the related damages arising from the collision.

16. If Third-Party Plaintiffs are under any liability to Plaintiff by reason of the matters alleged in Plaintiff's Original Complaint, which liability Third-Party Plaintiffs deny, then any and all such liability was caused by fault on the part of Third-Party Defendants, their agents, employees, servants, and pilots, and Third-Party Defendants should bear any and all such liability.

## **DAMAGES**

17. Plaintiff's Original Complaint alleges damages that Plaintiff purportedly sustained as a result of the collision. In the unlikely event that Third-Party Plaintiffs are held liable for Plaintiff's alleged damages, Third-Party Defendants are liable, by way of remedy over, contribution, or otherwise, for said damages, to the extent that Third-Party Plaintiffs are held liable to Plaintiff.

63541:30517976

18. As a direct result of Third-Party Defendants' negligence, Third-Party Plaintiffs suffered damage, including but not limited to physical damage, cost of repairs, delay, loss or business, loss of use, demurrage, expenses, and economic loss.

19. The collision, the associated damages to GENESIS RIVER and the VOYAGER Flotilla, and the resulting claims for damages arising from the collision were not caused by any fault of Third-Party Plaintiffs.

20. As a result of Third-Party Defendants' negligence, Third-Party Defendants are wholly or partially liable, to Plaintiff and/or Third-Party Plaintiffs, by way of remedy over, contribution, or otherwise, on account of the same transaction, occurrence, or series of transactions or occurrences as set forth in Plaintiff's Original Complaint. Accordingly, Third-Party Plaintiffs demand judgment against Third-Party Defendants in favor of Plaintiff, and in favor of Third-Party Plaintiffs, for the alleged damages set forth in Plaintiff's Original Complaint and this Complaint.

## RULE 14(C) TENDER OF THIRD-PARTY DEFENDANTS TO PLAINTIFF

21. Third-Party Plaintiffs invoke the provisions of FED. R. CIV. P. 14(c) and tender Third-Party Defendants as direct defendants to Plaintiff because Third-Party Defendants are wholly liable to Plaintiff for remedy over, contribution or otherwise on account of the same transaction and occurrence or series of transactions and occurrences in this matter. Third-Party Plaintiffs accordingly demand judgment in Plaintiff's favor against Third-Party Defendants. Pursuant to Rule 14(c)(1-2), Third-Party Defendants must respond to

the Complaint of Plaintiff and defend against Plaintiff's claims, and this action shall proceed as if Plaintiff had sued Third-Party Defendants directly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Third-Party Plaintiffs pray:

(a) Plaintiff's Complaint for Exoneration from or Limitation of Liability be dismissed;

(b) Plaintiff's limitation of liability security be deemed insufficient;

(c) The Court render judgment against Plaintiff and Third-Party Defendants, and in favor of Defendants/Third-Party Plaintiffs for their damages, together with pre- and post-judgment interest, costs, and attorney's fees; and

(d) Defendants/Third-Party Plaintiffs have such other and further relief as the Court may deem just and fair.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: */s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Texas State Bar No.: 07805100
Fed. I.D. No.: 2805
Eugene W. Barr
Texas State Bar No.: 24059425
Fed. I.D. No.: 1144784
Kevin P. Walters
Texas State Bar No.: 20818000
Fed. I.D. No.: 5649
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone: 713.224.8380
Facsimile: 713.225.9545
dimitri.georgantas@roystonlaw.com
eugene.barr@roystonlaw.com

kevin.walters@roystonlaw.com

**ATTORNEYS FOR
THE GENESIS RIVER CLAIMANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following attorney(s) of record on this, the 15th day of August, 2019.

George T. Shipley
Amy L. Snell
SHIPLEY SNELL MONTGOMERY, LLP
712 Main Street, Suite 1400
Houston, Texas 77002

Bijan R. Siahatgar
John K. Spiller
Misha Paltiyevich
CLARK HILL STRASBURGER
909 Fannin Street, Suite 2300
Houston, Texas 77010

*/s/ Eugene W. Barr*
Eugene W. Barr