UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF KIRBY INLAND MARINE, LP, AS OWNER OF THE M/V VOYAGER KIRBY 30015T, MMI 3041 PETITIONING FOR EXONERATION | §C.A. NO. 3:19-CV-00207 § §ADMIRALTY RULE 9(H) § § |

## ANSWER AND CLAIMS

NOW INTO COURT, through undersigned counsel, comes Adrian Oysters Inc. ("Claimant"), who files this Answer and Claim to the Complaint and Petition for Exoneration From or Limitation of Liability filed by Plaintiff-in-Limitation, Kirby Inland Marine, LP, as owner of M/V VOYAGER, KIRBY 30015T, and MMI 3041 as follows:

## ANSWER TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

### FIRST DEFENSE

The Complaint of KIRBY INLAND MARINE, LP fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

Claimant avers that they were not in any manner negligent or guilty of any acts or omission or breach of duty in connection with the incident forming the subject matter of this litigation and that this incident was caused by KIRBY INLAND MARINE, LP and/or others for whom claimant is not responsible.

1

**THIRD DEFENSE**

The negligence and/or fault of KIRBY INLAND MARINE, LP, as well as the unseaworthiness of the M/V VOYAGER and its flotilla of barges occurred with the privity of knowledge of KIRBY INLAND MARINE, LP, and, as such, KIRBY INLAND MARINE, LP is not entitled to exoneration from or limitation of liability.

**FOURTH DEFENSE**

Claimant contests the value of the interest claimed by KIRBY INLAND MARINE, LP in the M/V VOYAGER and its flotilla and pending freight and KIRBY INLAND MARINE, LP is obligated to provide proper security for the true value of the vessel, its flotilla, and her pending freight.

**FIFTH DEFENSE**

Claimant asserts that the proper security posted should include the true value of not only the Voyager but also the value of her flotilla of barges and freight.

**SIXTH DEFENSE**

The complaint is barred by prescription, preemption and/or laches.

**SEVENTH DEFENSE**

Claimant specifically reserves the right to supplement, amend and/or modify their answers and defenses to conform to any such facts as may be revealed during discovery or otherwise.

**EIGHTH DEFENSE**

And now answering each and every allegation of the original complaint, the Complainant responds as follows:

The introductory paragraph cites to legal conclusions and requires no answer from complainant, but to the extent that any answer is required, the introductory paragraph is denied.

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 do not require Claimant to admit or deny the allegations as they contain jurisdictional statements and require no answer from complainant; however, out of an abundance of caution, the allegations are denied.

6.

The allegations of Paragraph 6 do not require Claimant to admit or deny the allegations as they contain jurisdictional statements and require no answer from complainant; however, out of an abundance of caution, the allegations are denied.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 are denied in so far as any allegations of no fault against Kirby or the M/V Voyager or Kirby 30015T or MMI 3041 and the remaining allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 and subparts a-k are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

22.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a

belief therein.

23.

The allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

33.

The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

36.

The allegations of Paragraph 36, specifically Kirby's alleged entitlement to limitation of liability, are denied.

37.

The allegations of Paragraph 37, specifically Kirby's alleged entitlement to limitation of

liability, are denied.

38.

The allegations of Paragraph 38 do not require Claimant to admit or deny the allegations; however, out of an abundance of caution, the allegations are denied.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43, including but not limited to the sufficiency of the security posted, are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations and prayer for relief including but not limited to those set forth in subparts a-n contained in Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

WHEREFORE Claimant prays that this Honorable Court deny Plaintiff-in-Limitation, Kirby Inland Marine, LP, as owner of M/V VOYAGER, KIRBY 30015T, and MMI 3041 the right to exoneration from or limitation of liability. Further, Claimant reserves its rights to contest the valuation of the vessels, M/V VOYAGER, KIRBY 30015T, and MMI 3041 and their pending freight at the time of the actions described in the Claimant's claim herein. Claimant also prays for such further orders and relief to which Claimant is entitled, whether at law, in admiralty, or in equity and hereinafter sets forth its Claim against Kirby Inland Marine, LP, as owner of M/V VOYAGER, KIRBY 30015T, and MMI 3041.

## **CLAIM IN THE MATTER OF THE COMPLAINT OF THE OWNERS OF THE M/V VOYAGER FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW INTO COURT, through undersigned counsel, comes Claimant, Adrian Oysters, Inc. (hereinafter sometimes referred to as "Claimant"), who files the following claim in the above-referenced limitation of liability proceedings against the Plaintiff-in-Limitation, Kirby Inland Marine, LP, as the owner and operator of M/V VOYAGER, KIRBY 30015T, and MMI 3041.

1.

Claimant, Adrian Oysters, Inc., is a business corporation formed under the laws of the State

of Texas, authorized to do business and doing business in the State of Texas.

2.

Made Defendants herein are:

> a. KIRBY INLAND MARINE, LP, (hereinafter sometimes referred to as "Kirby Inland") a limited liability partnership organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas, within the jurisdiction of this Honorable Court;
>
> b. M/V VOYAGER, a U.S. flagged towing vessel and on information and belief bearing Official Number 563475;
>
> c. Kirby 30015T, a U.S. flagged tank barge bearing Official Number 1045801; and
>
> d. MMI 3041, a U.S. flagged tank barge bearing Official Number 1145645.

3.

At all pertinent times hereto, Kirby Inland, was the owner and/or operator of the M/V VOYAGER, tank barge Kirby 30015T, and tank barge MMI 3041

4.

Plaintiff-in-Limitation has filed a Complaint as owner of the vessel M/V VOYAGER, tank barge Kirby 30015T, and tank barge MMI 3041 in this action, seeking, in part, statutory relief under the Shipowner's Limitations of Liability Act (46 U.S.C. §30501 et seq.) as a result of property damage and economic damage caused to Claimant. Plaintiff-in-Limitation has also sought relief under a number of other causes of action including the Oil Pollution Act, the Texas Oil Spill Prevention and Response Act of 1991, Maritime Laws and State Common Laws. Claimant hereby reiterates each of the answers and defenses raised in the Answer filed herewith and further denies the right of Plaintiff-in-Limitation to exonerate itself from liability, to deny and/or to limit its

liability in this matter under any of the causes of action asserted in its Complaint. With that said, Claimant hereby asserts its claim for damages as required by Court Order under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq.*) and further asserts its right to any available claims, causes of action and damages available to Claimant now or in the future against Plaintiff-in-Limitation or third parties under applicable maritime or state laws, including but not limited to the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq.*), the Oil Pollution Act and/or the Texas Oil Spill Prevention and Response Act of 1991 while herein specifically reserving the right to assert, by way of this or unrelated litigation, any viable claims against any parties arising from the underlying incident.

5.

At all pertinent times herein Claimant, Adrian Oysters Inc., was the owner of the oyster harvesting vessel ST NIKOLAS registered with the State of Texas as No. TX-8573-CJ, which claimant used to harvest oysters pursuant to Resident Commercial Oyster Boat License No. 145860021921 from the public reef and private oyster leases located in and around Galveston Bay, State of Texas.

6.

Claimant earns income from operations that significantly and directly involve the resources located in and around the area in which this collision and spill took place, including but not limited to the area in and around Galveston Bay.

7.

At all times pertinent hereto, and more particularly during the time period of May 10, 2019, and thereafter, Plaintiff-in-Limitation negligently conducted operations which resulted in Plaintiff-in-Limitation's barge KIRBY 30015T pushed by Plaintiff-in-Limitation's M/V VOYAGER

colliding with VLGC GENESIS RIVER in the vicinity of Houston Ship Channel, Texas, causing the Reformate carried aboard KIRBY 30015T to spill into Galveston Bay; additionally, the collision caused Plaintiff-in-Limitation's barge MMI 3041, also pushed by Plaintiff-in-Limitation's M/V VOYAGER, to capsize into the Houston Ship Channel in Galveston Bay.

8.

At all times pertinent herein, the actions and inactions and unseaworthiness of the M/V VOYAGER, the KIRBY 30015T the MMI 3041 and their crew were within the privity and knowledge of Kirby Inland and its owners, members, officers and agents.

9.

The aforesaid incident and resulting damages to Claimant were not caused or contributed to by any fault, negligence or want of care on the part of Claimant, but were caused or contributed in whole or in part by the unseaworthiness of the M/V VOYAGER, the KIRBY 30015T and the MMI 3041 by the fault, negligence and want of care on the part of the M/V VOYAGER, the KIRBY 30015T and the MMI 3041 their officers and crew, and/or the fault, negligence and want of care on the part of Plaintiff-in-Limitation, its agents, servants and employees. Each and every act or omission on the part of Plaintiff-in- Limitation constitutes negligence and was a proximate and legal cause of Claimant's damages. The foregoing acts and unseaworthiness are within the privity and knowledge of Plaintiff-in- Limitation.

    a.    The M/V VOYAGER, the KIRBY 30015T and the MMI 3041 were unseaworthy and not manned, fitted, and equipped properly for the voyage undertaken;

    b.    The M/V VOYAGER, the KIRBY 30015T and the MMI 3041 failed to make use of all available means to determine that the risk of collision existed;

    c.    The M/V VOYAGER, the KIRBY 30015T and the MMI 3041 failed to properly and reasonably notify surrounding vessels and facilities of the potential for collision

once it existed;

d. The M/V VOYAGER, the KIRBY 30015T and the MMI 3041 were manned by an insufficient number of crew to carry out required tasks;

e. The M/V VOYAGER, the KIRBY 30015T and the MMI 3041 were manned by an incompetent crew who were inattentive to their duties;

f. The M/V VOYAGER was insufficiently powered for the size and configuration of its tow;

g. The M/V VOYAGER failed to chart and maintain a safe speed and course;

h. Plaintiff-in-Limitation failed to insure that its personnel had sufficient knowledge and/or training to safely perform their duties;

i. Plaintiff-in-Limitation failed to insure that a proper lookout would be maintained and failed to maintain a proper listening watch onboard the M/V VOYAGER; the KIRBY 30015T and/or the MMI 3041;

j. Plaintiff-in-Limitation failed to provide adequate navigational equipment to insure the M/V VOYAGER, the KIRBY 30015T and the MMI 3041's safety and/or failed to properly train the M/V VOYAGER, the KIRBY 30015T and the MMI 3041's captain and crew in the proper use of such navigational equipment;

k. Plaintiff-in-Limitation failed to properly instruct its personnel in the event of emergency situations;

l. Plaintiff-in-Limitation failed to properly vet, supervise, and train its personnel and negligently entrusted the M/V VOYAGER, the KIRBY 30015T and the MMI 3041 to an incompetent crew;

m. Plaintiff-in Limitation negligently created, implemented, and oversaw the use of an inadequate safety management system, which rendered the M/V VOYAGER, the KIRBY 30015T and the MMI 3041 unseaworthy;

n. Plaintiff-in-Limitation failed to exercise reasonable care under the circumstances; and

o. Other negligent acts or omissions to be established at the trial of this matter.

10.

At all times pertinent hereto, Plaintiff-in-Limitation owned, operated, had the care, custody

and control of and/or supervised the activities of the M/V VOYAGER, KIRBY 30015T, and MMI 3041.

11.

The aforementioned incident caused damages and other harmful effects to the water, water bottoms, and fisheries in and around Galveston Bay so as to make those areas unsuitable for ordinary fishing activities.

12.

As a result of the aforementioned incident, Claimant's business operations and/or employment was negatively impacted causing Claimant to sustain past and future economic damages.

13.

The aforementioned damages were caused by the herein described collision and subsequent spill from the barge owned, operated and controlled by Plaintiff-in-Limitation which was, upon information and belief, the direct result of the negligent acts of Plaintiff-in-Limitation including their negligent failure to keep a proper lookout for the M/V VOYAGER, KIRBY 30015T, and MMI 3041, and by other acts or omissions of negligence set forth herein and that will be shown at the trial of this matter.

14.

As a result of the negligent actions and/or omissions of Plaintiff-in-Limitation, Claimant itemizes its damages as follows, to wit:

1. Loss of past and future income;
2. Loss of Earning Capacity;
3. Delay damages for the time that Claimant's vessel was shut in or out of Galveston

Bay;

4. Property damages including past and future loss of value;

5. Loss of business reputation and goodwill; and

6. Any and all other damages which will be shown at the trial of this matter.

15.

All the damages incurred herein and all the negligent acts and omissions of Plaintiff-in-Limitation, Kirby Inland Marine, occurred in the Galveston Bay, State of Texas and within the jurisdiction of this Court. Wherefore, Claimant has and will continue to incur damages because of the negligence, fault, carelessness and/or omissions of Kirby Inland Marine, LP. Claimant also prays for such further orders and relief to which it is entitled, whether at law or in equity.

16.

Claimant reserves and preserves unto itself the right to proceed in a chosen forum if and when petitioner Kirby Inland Marine's Complaint for Exoneration from or Limitation of Liability is dismissed and/or the injunction preventing Claimant from filing a formal claim for damages is dissolved.

17.

In addition to the allegations set forth in its Answer and Claim, Claimant hereby reserves and specifically does not waive its right to pursue any and all available causes of action and damages against any parties in relation to the underlying collision and contaminant spill for any and all acts of negligence and/or fault in connection with the incident which forms the basis of the pending Complaint for Exoneration and/or Limitation of Liability a including but not limited to any rights available to Claimant under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq.*), the Oil Pollution Act, the Texas Oil Spill Prevention and Response Act of 1991 and any other

applicable maritime, federal, and state laws.

Dated: August 20, 2019

Respectfully submitted,

_____
P. Scott Summy
(Texas Bar No. 19507500)
M. Cristina Sanchez
(Texas Bar No. 24041856)
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 521-3605
Fax: (214) 520-1181

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2019, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Southern District of Texas via the CM/ECF System, which provides notice to all counsel of record.

_____