IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DISTRICT

| | | |
|---|---|---|
| **KIRBY INLAND MARINE, LP** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:19-CV-00207 |
| | § | |
| **FPG SHIPHOLDING PANAMA 47 S.A.,** | § | |
| **K LINE ENERGY SHIP MANAGEMENT,** | § | |
| **and the VLGC GENESIS RIVER,** *in rem* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN THE MATTER OF KIRBY INLAND MARINE, LP, in a cause of exoneration from or limitation of liability | Rule 9(h) Admiralty<br><br>Non-Jury |

### CLAIM OF THE GENESIS RIVER CLAIMANTS

TO THE HONORABLE JUDGE OF SAID COURT:

FPG Shipholding Panama 47, S.A., "K" Line Energy Ship Management Co., Ltd., *in personam*, and FPG Shipholding Panama 47, S.A., Genesis River Shipping, S.A., Ship No. 138 Co. Ltd., and Ship No. 139 Co. Ltd., appearing on behalf of the *in rem* Defendant VLGC GENESIS RIVER pursuant to the previously-filed Verified Statement of Right or Interest [Dkt. #8], as Counter-Claimants with respect to the Original Complaint filed by Kirby Inland Marine, L.P. ("Kirby"); and FPG Shipholding Panama 47, S.A., "K" Line Energy Ship Management Co., Ltd., Genesis River Shipping, S.A., Ship No. 138 Co. Ltd., Ship No. 139 Co. Ltd., and Kawasaki Kisen Kaisha, Ltd., *in personam*, and FPG Shipholding Panama 47, S.A., Genesis River Shipping, S.A., Ship No. 138 Co. Ltd., and Ship No. 139 Co. Ltd., on behalf of the *in rem* GENESIS RIVER,

as Claimants with respect to the Petition for Exoneration From or Limitation of Liability filed by Kirby (all Counter-Claimants and Claimants are hereinafter collectively referred to as the "Genesis River Claimants") file this Counter-Claim/Claim ("Claim") in response to the Original Complaint and Complaint and Petition for Exoneration From or Limitation of Liability filed by Kirby, and respectfully show the following:

## CLAIM

The Genesis River Claimants make this claim against Kirby Inland Marine, L.P. ("Kirby") for losses and damages arising out of the collision in the Houston Ship Channel between the T/V VOYAGER, tank barge Kirby 30015T, and tank barge MMI 3041 (collectively, the "VOYAGER Flotilla") and the VLGC GENESIS RIVER on May 10, 2019.

### I.

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333. This is an admiralty or maritime claim within the meaning of Rule 9(h), FED R. CIV. P.

### II.

FPG Shipholding Panama 47, S. A., "K" Line Energy Ship Management Co., Ltd., and the GENESIS RIVER in rem, have previously appeared in this action by virtue of filing an Answer (Dkt. #9) to Kirby's Complaint. The remaining Genesis River Claimants, have appeared in this action through this claim and are now before this Court. Kirby admits that it is the owner of the VOYAGER Flotilla. This Claim may be served on Kirby by service on its attorneys of record.

### III.

At all material times, the Genesis River Claimants had ownership, management, and/or charterer interests in GENESIS RIVER. These companies are foreign business entities domiciled outside the United States.

### IV.

At all material times, GENESIS RIVER was and now is a LPG tanker flying the Panama flag and bearing official IMO No. 9791224.

### V.

At all material times, the Genesis River Claimants used due diligence to make GENESIS RIVER in all respects tight, staunch, strong, and fully and properly manned, equipped, maintained, navigated and supplied, and in all other respects seaworthy and fit for the service for which it was engaged.

### VI.

On May 10, 2019, GENESIS RIVER was outbound in the Houston Ship Channel sailing for Egypt to discharge cargo. The GENESIS RIVER met the inbound VOYAGER Flotilla just south of the channel entrance to the Bayport Terminal. In the course of this maneuver, the VOYAGER Flotilla interfered with the GENESIS RIVER's navigation. As a result, the VOYAGER Flotilla and GENESIS RIVER collided.

### VII.

The Genesis River Claimants' claim in this civil action is for recovery of money damages presently estimated to exceed $8,000,000, not including interest and costs. The money damages the Genesis River Claimants seek to recover include, without limitation,

loss of earnings due to collision-related delays, temporary and permanent repair costs, and other expenses and damages the collision caused.  The Genesis River Claimants also make a claim for contribution and/or indemnity against Kirby with respect to any claims which may be asserted by any other individuals or entities against the Genesis River Claimants as a result of the collision.  The Genesis River Claimants reserve the right to amend or supplement this Claim to assert such other and further facts or allegations as later become known.

## VIII.

The assertion of this Claim is subject to and without prejudice to the Genesis River Claimants' objection to Kirby's Complaint for Exoneration From and Limitation of Liability and the Genesis River Claimants' position that the action for limitation or exoneration should be dismissed.

## IX.

The May 10, 2019 collision was not contributed to in any way by fault, neglect, or want of due care on the part of the Genesis River Claimants, or by unseaworthiness on the part of GENESIS RIVER.  On the contrary, all damages arising from that collision were caused, in whole or in part, by unseaworthiness of the VOYAGER Flotilla and by the negligent acts and omissions and other legal faults of the agents, servants, owners and employees of Kirby which were within the privity and/or knowledge of Kirby.

Therefore, Kirby is not entitled to either exoneration from or limitation of liability in this action.  The Genesis River Claimants reserve the right to amend and supplement

this Claim to allege further and/or different faults, unseaworthy conditions and/or negligent acts and omissions as the evidence may disclose.

### PRAYER

WHEREFORE, The Genesis River Claimants pray:

a. they recover from Kirby their full damages as pleaded in this claim, in addition to pre and post-judgment interest, and court costs;

b. that Kirby's request for exoneration from, or limitation of, liability be dismissed or denied; and

c. that they have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: */s/ Dimitri P. Georgantas*
 Dimitri P. Georgantas
 Texas State Bar No.: 07805100
 Fed. I.D. No.: 2805
 Eugene W. Barr
 Texas State Bar No.: 24059425
 Fed. I.D. No.: 1144784
 Kevin P. Walters
 Texas State Bar No.: 20818000
 Fed. I.D. No.: 5649
 1600 Smith Street, Suite 5000
 Houston, Texas 77002
 Telephone:   713.224.8380
 Facsimile:    713.225.9545
 dimitri.georgantas@roystonlaw.com
 eugene.barr@roystonlaw.com
 kevin.walters@roystonlaw.com

**ATTORNEYS FOR
THE GENESIS RIVER CLAIMANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following attorney(s) of record on this, the 23rd day of August, 2019.

George T. Shipley
Amy L. Snell
SHIPLEY SNELL MONTGOMERY, LLP
712 Main Street, Suite 1400
Houston, Texas 77002

Bijan R. Siahatgar
John K. Spiller
Misha Paltiyevich
CLARK HILL STRASBURGER
909 Fannin Street, Suite 2300
Houston, Texas 77010

*/s/ Eugene W. Barr*
Eugene W. Barr