IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY | § | CIVIL ACTION NO. 3:19-CV-00207 |
| INLAND MARINE, LP, IN A | § | |
| CAUSE OF EXONERATION FROM | § | RULE 9(h) ADMIRALTY |
| OR LIMITATION OF LIABILITY | § | |

## ANSWER TO KIRBY INLAND MARINE, LP'S COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY AND CLAIM IN LIMITATION

**TO THE HONORABLE GEORGE C. HANKS, JR:**

Claimants **TIMOTHY ALCALA, SADIK BANJAKU, MICHAEL CACCIOTTI, SHANE CANTRELL, VU CHE, QUANG DANG, ZACHARY FRANEY, GALVESTON FISHING CHARTER COMPANY, CECIL GRAY, DANIEL GREEN, DERRICK JERMAINE GREENE, COLE GRIFFITH, GULF COAST HARVEST, INC., JOHN HAVENS, SCOTT HICKMAN, CIRCLE H CHARTERS, STEPHEN T. HILLMAN, DUC HO, HAI HO, LOI HOANG, STEVEN HOYLAND, BAO HUYNH, JON DALTON LANDRY, JEFFREY DALE LARSON, HOA LE, MINH TUAN LE, THA LUC, HEN LY, MASTER THAI, INC., CURTIS MAXEY, JAMES MICHAEL MORRIS, RANDALL NEVAREZ, SYLVIA NEVAREZ, ANH NGUYEN, DA VAN NGUYEN, HA NGUYEN, HAU NGUYEN, HIEN NGUYEN, HOA VAN NGUYEN, KIET ANH NGUYEN, MUA VAN NGUYEN, TAI VAN NGUYEN, THACH HUU NGUYEN, JEFFREY NIELSEN, JACALYN L. NIELSEN, DONNIE O'NEAL, JAMES HIEU PHAM, NGONG VAN PHAM, RAYMOND PHAM, TU VAN PHAN, JAMES PLAAG, ADOPH POSTEL, RUSSELL POTTER, JERRY PRAKER, WILLIAM PRAKER, JR., BLAKE SARTOR, ZANE STARR, CHARLES STEPHENSON, JR., DENNIS LYNN**

STEPHENSON, T&L ELITE, INC., T&L EXPRESS, INC., T&L LEGACY, INC., T&L LEGEND, INC., JOEL TAYLOR, DORA TERRY, GARY W. TERRY, THAI EXPRESS, INC., CALVIN THAI, STEPHANY THAI, THOMAS THAI, TIFFANY THAI, THOMAS AND SONS II, INC., THOMAS AND SONS, INC., ALLEN TRAN, ANTHONY TRAN, BA QUAN TRAN, THUY NGOC TRAN, XUANH QUANG TRAN, BRADLEY TURNER, UNITED SEAFOOD, INC., SHAWN WARREN, EUGENE WERNER, JOHN MICHAEL WILLIAMS, JOSE YBARRA (collectively referred to as "Claimants") file this Answer and Claim in Limitation to **KIRBY INLAND MARINE, LP** ("Petitioner" or "Complainant") Complaint and Petition for Exoneration From or Limitation of Liability and Claims in Limitation and would respectfully show the Court that:

## I.    <u>DEFENSES AND ANSWER</u>

For answer to the Complaint, Claimants state the following defenses and responses to the allegations as to all Petitioners:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted. Rule 12(b)(6), FED. R. CIV. PROC.

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. §30501 *et seq*., is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security equal to the value of the vessel and its appurtenant vessels, plus the pending freight; *i.e.,* the value of the contract under which the vessel was operating at the time of the incident made the basis of Claimants' claims.  The proper security must be deposited at the time of filing.  Rule F(1).  Petitioners' deposit at the time of filing did not meet the requirements of Rule F(1).  Accordingly, this limitation action must be dismissed.

### FOURTH DEFENSE

To the extent Petitioners' insurers attempt to avail itself of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

### FIFTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See* 46 U.S.C. § 183; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994).  Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

### SIXTH DEFENSE

Claimants respectfully reserve the right, pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333(1), to pursue claims in the forum of choice.  Claimants will move the Court to

lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Technologies, L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In Re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2nd Cir. 1932); *Kreta Shipping v. Preussag International Steel Corp.*, 192 F.3d 41, 48 (2nd Cir. 1999); and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), Claimants hereby assert and claim the right to have claims and damages tried to a jury in the court of their choosing.

**SEVENTH DEFENSE**

Claimants reserve the right to contest the appraisal values of each vessel and/or for any additional vessels in any flotilla, their engines, apparel, appurtenances, pending freight, contracts, etc., and the adequacy of the security.

**EIGHTH DEFENSE**

The incident made the basis of Claimants' claims caused serious injury to Claimants, and was caused, at least, in part, by the negligence of Petitioners, its principals, agents, servants, and/or employees, and/or as a direct and proximate result of unseaworthy conditions existing aboard the vessel, which occurred with the privity and knowledge of Petitioners, its principals, agents, servants, and/or employees. Accordingly, Petitioners cannot limit any liability.

**NINTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by each Petitioner.

**TENTH DEFENSE**

Claimant further alleges that there was insurance coverage on the M/V VOYAGER, KIRBY 30015T and MMI 3041 insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## II.   ANSWER AS TO KIRBY INLAND MARINE, LP

AND NOW, with full reservation of all defenses asserted above, Claimants answer the allegations of Petitioner Kirby Inland Marine, LP, as follows:

### A.

With regard to paragraph 1 of the Complaint, Claimants admit that Petitioner is the owner of the M/V VOYAGER and KIRBY 30015T and MMI 3041. Claimants lack sufficient information to justify a belief in the truth or falsity of the remaining allegations.

### B.

With regard to paragraph 2 of the Complaint, Claimants admit that Petitioner is the owner of the VLGC GENESIS RIVER. Claimant lacks sufficient information to justify a belief in the truth or falsity of the allegations concerning Petitioner's corporate status, principle place of business, and the homeport of the VLGC GENESIS RIVER.

### C.

With regard to paragraph 3 of the Complaint, Claimants admit that Petitioner is the manager and/or operator of the VLGC GENESIS RIVER. Claimant lacks sufficient information to justify a belief in the truth or falsity of the allegations concerning Petitioner's

corporate status, principle place of business, and the homeport of the VLGC GENESIS RIVER.

**D.**

With regard to paragraph 4 of the Complaint, Claimants admit the VLGC GENESIS RIVER is a Panamanian flagged LPG tanker. Claimant lacks sufficient information to justify a belief in the truth or falsity of the allegations concerning Petitioner's corporate status, principle place of business, and the homeport of the VLGC GENESIS RIVER.

**E.**

The allegations contained in paragraph 5 of the Complaint are not statements of fact, but conclusions of law, for which no response is necessary from Claimant. To the extent that a response is required: admitted.

**F.**

The allegations contained in paragraph 6 of the Complaint are not statements of fact, but conclusions of law, for which no response is necessary from Claimant. To the extent that a response is required: admitted.

**G.**

With regard to paragraph 7 of the Complaint, Claimants admit that Petitioner is the owner of the M/V VOYAGER and the tank barges KIRBY 30015T and MMI 3041. Claimants specifically deny that the M/V VOYAGER and the barges KIRBY 30015T and MMI 3041 were at all times staunch and seaworthy, properly manned, supplied and equipped for the service in which the vessels were engaged.

**H.**

With regard to paragraph 8 of the Complaint, Claimants admit that the collision occurred on May 10, 2019. To the extent that the allegations contained in paragraph 8 of the Complaint are statements of fact, Claimants lacks sufficient information to justify a belief therein.

**I.**

Claimants deny the allegations in Paragraph 9.

**J.**

Claimants deny the allegations in Paragraph 10 and each of its subparts.

**K.**

Claimants deny the allegations in Paragraph 11 or lack of sufficient information to justify a belief in the truth thereof.

**L.**

Claimants deny the allegations in Paragraph 12 or lack of sufficient information to justify a belief in the truth thereof.

**M.**

Claimants deny the allegations in Paragraph 13.

**N.**

Claimants deny the allegations in Paragraph 14 for lack of sufficient information to justify a belief in the truth thereof.

**O.**

To the extent paragraph 15 requires a response: admitted.

**P.**

Claimants deny the allegations in Paragraph 16 for lack of sufficient information to justify a belief in the truth thereof.

**Q.**

Claimants deny the allegations in Paragraph 17 for lack of sufficient information to justify a belief in the truth thereof.

**R.**

Claimants deny the allegations in Paragraph 18 for lack of sufficient information to justify a belief in the truth thereof.

**S.**

Claimants deny the allegations in Paragraph 19 for lack of sufficient information to justify a belief in the truth thereof.

**T.**

Claimants deny the allegations in Paragraph 20 for lack of sufficient information to justify a belief in the truth thereof.

**U.**

To the extent paragraph 21 requires a response: admitted.

**V.**

With regard to paragraph 22 of the Complaint, Claimants admit that Kirby is deemed the responsible party. To the extent that the allegations contained in paragraph 22 of the Complaint are statements of fact, Claimants lacks sufficient information to justify a belief therein.

**W.**

Claimants deny the allegations in Paragraph 23 for lack of sufficient information to justify a belief in the truth thereof.

**X.**

Claimants deny the allegations in Paragraph 24 for lack of sufficient information to justify a belief in the truth thereof.

**Y.**

Claimants deny the allegations in Paragraph 25 for lack of sufficient information to justify a belief in the truth thereof.

**Z.**

To the extent paragraph 26 requires a response: admitted.

**AA.**

Claimants deny the allegations in Paragraph 27 for lack of sufficient information to justify a belief in the truth thereof.

**BB.**

Claimants deny the allegations in Paragraph 28 for lack of sufficient information to justify a belief in the truth thereof.

**CC.**

To the extent paragraph 29 requires a response: admitted.

**DD.**

Claimants deny the allegations in Paragraph 30 for lack of sufficient information to justify a belief in the truth thereof.

**EE.**

Claimants deny the allegations in Paragraph 31 for lack of sufficient information to justify a belief in the truth thereof.

**FF.**

To the extent paragraph 32 requires a response: admitted.

**GG.**

Claimants deny the allegations in Paragraph 33 for lack of sufficient information to justify a belief in the truth thereof.

**HH.**

Claimants deny the allegations in Paragraph 34 for lack of sufficient information to justify a belief in the truth thereof.

**II.**

To the extent paragraph 35 requires a response: admitted.

**JJ.**

Claimants deny the allegations in Paragraph 36 for lack of sufficient information to justify a belief in the truth thereof.

**KK.**

Claimants deny the allegations in Paragraph 37 for lack of sufficient information to justify a belief in the truth thereof.

**LL.**

To the extent paragraph 38 requires a response: admitted.

**MM.**

Claimants deny the allegations in Paragraph 39 for lack of sufficient information to justify a belief in the truth thereof.

**NN.**

Claimants deny the allegations in Paragraph 40 for lack of sufficient information to justify a belief in the truth thereof.

**OO.**

Claimants deny the allegations in Paragraph 41 for lack of sufficient information to justify a belief in the truth thereof.

**PP.**

Claimants deny the allegations in Paragraph 42 for lack of sufficient information to justify a belief in the truth thereof.

**QQ.**

Claimants deny the allegations in Paragraph 43 for lack of sufficient information to justify a belief in the truth thereof.

**RR.**

Claimants deny the allegations in Paragraph 44 for lack of sufficient information to justify a belief in the truth thereof.

**SS.**

Claimants deny the allegations in Paragraph 45 for lack of sufficient information to justify a belief in the truth thereof.

**TT.**

Claimants deny the allegations in Paragraph 46 for lack of sufficient information to justify a belief in the truth thereof.

**UU.**

Claimants deny the allegations in Paragraph 47 for lack of sufficient information to justify a belief in the truth thereof.

With regard to the allegations contained in Petitioner's Prayer, Claimants specifically deny that each and every premises are true and within the admiralty and maritime jurisdiction of the United States and of this Court except as specifically admitted herein. The remainder of the allegations do not contain statements of fact which require a response. To the extent that a response is required: denied. Claimant denies that Petitioner is entitled to the relief sought.

## V. CLAIMS AS TO PETITIONER

AND NOW, Claimants assert claims against Petitioners as follows:

**A.**

Claimants, individuals and/or entities have suffered losses under admiralty or maritime law.  The Claimants can be defined as follows:

Commercial fisherman, oystermen, shrimpers, crabbers, the owners and operators of businesses involving commercial fishing (collectively referred to as "Fisherman Claimants").

**B.**

Claimants, collectively, suffered physical loss, economic loss, and loss of property as a direct result of the collision between M/V VOYAGER and VLGC GENESIS RIVER and its barges, KIRBY 30015T and MMI 3041, resulting in the reformate spill.  Such injuries were

legally caused by the negligence and gross negligence of the Petitioners and the unseaworthiness of the Vessels in question.  A barge partially capsized while on navigable waters.  Such an incident does not occur without an unseaworthy condition or negligence.

The Fisherman claimants have suffered and will continue to suffer economic loss due to the Spill and response related injury to marine life in the Gulf of Mexico.

## C.

### NEGLIGENCE AND GROSS NEGLIGENCE

Petitioners were negligent, negligent per se, grossly negligent, and reckless for the following reasons:

    a.  failure to properly supervise their crew;

    b.  failure to properly train their employees;

    c.  failure to maintain a proper lookout;

    d.  failed to chart and maintain a safe course;

    e.  failed to take reasonable action to prevent the collision, or minimize the effect thereof;

    f.  failure to provide adequate safety equipment;

    g.  failure to provide adequate medical treatment;

    h.  operating the vessel with an inadequate crew;

    i.  failure to maintain the vessel;

    j.  vicariously liable for their employees' and agents' negligence, gross negligence, and recklessness;

    k.  violating applicable Coast Guard, MMS and/or OSHA regulations; and,

    l.  other acts deemed negligent, grossly negligent, and reckless.

**D.**

At all relevant times, the M/V VOYAGER, KIRBY 30015T and MMI 3041 were unseaworthy.

**E.**

By reason of the occurrences made the basis of this action, including the conduct on the part of Petitioners, Claimants sustained economic damages and/or other costs as a result of the reformate spill.

Petitioners owed and breached duties of ordinary and reasonable care to Claimants in connection with the maintenance and operation of its vessel, and additionally owed and breached duties to Claimants to guard against and/or prevent such risk.  Petitioners failed to exercise reasonable care and acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety of the Claimants.

**F.**

As a result of the foregoing injuries, Claimants have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, their earning capacity has been impaired permanently.

**G.**

Claimants are also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless.  Petitioners' conduct was willful, wanton, arbitrary, and capricious.  They acted with flagrant and malicious disregard of Claimants and the coastal community as a whole.  Petitioners failed to properly maintain and/or operate their vessels, operated same in such a manner to save time and money without regard to safety, ignored warnings, failed to implement and enforce safety regulations, failed to avoid or

mitigate the explosion, and failed to establish and enforce an appropriate response plan. Petitioners were subjectively aware of the extreme risk posed by the condition which caused Claimant injuries, but did nothing to rectify them.    Petitioners' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimants and to others.    Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk.  Moreover, Claimants may recover punitive damages under the general maritime law because of the Vessels unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*.   All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioner.

## VI.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Claimants pray that this Answer and Claim in Limitations be deemed good and sufficient and that after due proceedings, there be judgment denying the Complaint of Petitioners for exoneration from or limitation of liability, with all costs to be borne by such Petitioners.  Claimants demand against Petitioners as follows: economic and compensatory damages; punitive damages, pre-judgment and post-judgment interest at the maximum rate allowable by law, attorney's fees and costs of litigation, and such other relief available under all applicable state and federal laws and any relief the Court deems just.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Eduardo J. Garza*
_____
Michael E. Pierce
State Bar No. 24039117
Federal Bar No. 597900
Eduardo J. Garza
State Bar No. 24099892
Federal Bar No. 2984657
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: Michael@pstriallaw.com
          Eduardo@pstriallaw.com
E-service: service@pstriallaw.com

**ATTORNEYS FOR CLAIMANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded by electronic means through the Court's ECF system upon all known counsel of record in this cause on August 23, 2019.

*/S/ Eduardo J. Garza*
Eduardo J. Garza

16