**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DISTRICT**

| | | |
|---|---|---|
| **KIRBY INLAND MARINE, LP** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 3:19-CV-00207** |
| | § | |
| **FPG SHIPHOLDING PANAMA 47 S.A.,** | § | |
| **K LINE ENERGY SHIP MANAGEMENT,** | § | |
| **and the VLGC GENESIS RIVER,** *in rem* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **IN THE MATTER OF KIRBY INLAND** | **Rule 9(h) Admiralty** |
| **MARINE, LP, in a cause of exoneration** | |
| **from or limitation of liability** | **Non-Jury** |

## AGREED PROTECTIVE ORDER

The Court finds that discovery in this action may involve the disclosure of trade

secrets and confidential, competitive, sensitive or proprietary business, technical, and

financial information.   It is therefore, ORDERED as follows:

1. This Standard Protective Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal Rules of Civil Procedure governing disclosure and discovery.

2. Information, documents, and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party in this action.

3. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably



and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4. "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. *Parties:* Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

   b. *Witnesses or Prospective Witnesses:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

   c. *Outside Experts:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

   d. *Counsel:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

   e. *Other Persons*: Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is

disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential nature of the Designated Material; and

   b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

9. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

10. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

11. The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

12. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the re-designation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer

with the Designating Person in an effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

13. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

14. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must move to file the Designated Material under seal.

15. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

16. Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

17. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

4

18. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material.  Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.  Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials.  If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

20. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,

DATE: _____     _____
                     UNITED STATES DISTRICT/MAGISTRATE JUDGE

**AGREED AS TO FORM AND CONTENT AND ENTRY REQUESTED:**

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: */s/Eugene W. Barr*
      Dimitri P. Georgantas
      Texas State Bar No. 07805100
      Fed. I.D. No. 2805
      Eugene W. Barr
      Texas State Bar No. 24059425
      Fed. I.D. No. 1144784
      Kevin P. Walters
      Texas State Bar No. 20818000
      Fed. I.D. No. 5649
      1600 Smith Street, Suite 5000
      Houston, Texas 77002
      Telephone:   713.224.8380
      Facsimile:   713.225.9545
      dimitri.georgantas@roystonlaw.com
      eugene.barr@roystonlaw.com
      kevin.walters@roystonlaw.com

**ATTORNEYS FOR THE GENESIS RIVER INTERESTS**


SHIPLEY SNELL MONTGOMERY, L.L.P.

By:_____
      George T. Shipley
      Texas Bar No. 18267100
      Fed. I.D. No. 02118
      Amy L. Snell
      Texas Bar No. 24002968
      Fed. I.D. No. 23039
      712 Main Street, Suite 1400
      Houston, Texas 77002
      Telephone:   713.652.5920
      Facsimile:   713.652.3057
      gshipley@shipleysnell.com
      asnell@shipleysnell.com

and

CLARK HILL STRASBURGER

Bijan R. Siahatgar
Texas State Bar No. 18336200
Fed. I.D. No. 13796
John K. Spiller
Texas State Bar No. 18937000
Fed. I.D. No. 13993
Misha Paltiyevich
Texas State Bar No. 24095695
Fed. I.D. No. 3060542
909 Fannin Street, Suite 2300
Houston, Texas  77010
Telephone:   713.951.5600
Facsimile:   713.951.5660
bijan.siahatgar@clarkhillstrasburger.com
john.spiller@clarkhillstrasburger.com
misha.palteyevich@clarkhillstrasburger.com

and

David Earl James
Texas State Bar No. 24032467
Fed. I.D. No. 588556
2615 Calder Avenue, Suite 240
Beaumont, Texas  77702
Telephone:   409.351.3802
Facsimile:   409.351.3886
david.james@clarkhillstrasburger.com

**ATTORNEYS FOR KIRBY INLAND MARINE, LP**

EASTHAM WATSON DALE & FORNEY, L.L.P.

By:_____
        Robert L. Klawetter
        Texas State Bar No. 11554700
        Federal I.D. No. 2471
        Christina K. Schovajsa
        Texas State Bar No. 24002910
        Federal I.D. No. 25142

7

James T. Bailey
Texas State Bar No. 24031711
Federal I.D. No. 30347
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas 77002
Telephone:   713.225.0905
Facsimile:   713.225.2907
klawetter@easthamlaw.com
schovajsa@easthamlaw.com
bailey@easthamlaw.com

**ATTORNEYS FOR THE BW OAK INTERESTS**

MATTHEWS LAWSON MCCUTCHEON JOSEPH, P.L.L.C.

By:_____
　　　Terry Blaine Joseph
　　　Texas State Bar No. 11029500
　　　Fed. I.D. No.: 11538
　　　William "Billy" Dills
　　　Texas State Bar No. 24067421
　　　Fed. I.D. No.: 2346498
　　　D. Ryan Cordell, Jr.
　　　Texas State Bar No. 24109754
　　　2000 Bering Drive, Suite 700
　　　Houston, Texas 77057
　　　Telephone:   713.355.4200
　　　Facsimile:   713.355.9689
　　　tjoseph@matthewsfirm.com
　　　wdills@matthewsfirm.com
　　　dcordel@matthewsfirm.com

　　　and

ABRAHAM WATKINS NICHOLS SORRELS AGOSTO & AZIZ

　　　Muhammad S. Aziz
　　　Texas State Bar No. 24043538
　　　Fed. I.D. No. 868540
　　　800 Commerce Street
　　　Houston, Texas 77002

8

Telephone:   713.222.7211
Facsimile:   713.225.0827
maziz@awtxlaw.com


WHITE & HARRISON

By:_____
        Brian Elliott White
        Texas State Bar No. 24034736
        Fed. I.D. No. 31893
        Rusty Harrison
        Texas State Bar No. 24012793
        Fed. I.D. No. 27059
        Joshua R. Hilbe
        Texas State Bar No. 24092513
        Fed. I.D. No. 3099190
        3120 Southwest Freeway, Suite 350
        Houston, Texas 77098
        Telephone:   713.224.4878
        Facsimile:   713.237.0510
        brian@attorneybrianwhite.com
        rusty@attorneybrianwhite.com
        joshua@attorneybrianwhite.com


BARON AND BUDD, P.C.

By:_____
        Paul Scott Summy
        Texas State Bar No. 19507500
        Maria Cristina Sanchez
        Texas State Bar No. 24041856
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219-4281
        Telephone:   214.523.6267
        Facsimile:   214.599.1172
        ssummy@baronbudd.com
        csanchez@baronbudd.com

        and

COSSICH SUMICH PARSIOLA & TAYLOR, L.L.C.

Andrew John Cvitanovic
La. State Bar No. 34500      (*Pro Hac Vice)
Brandon J. Taylor
La. State Bar No. 27662      (*Pro Hac Vice)
Darren D. Sumich
La. State Bar No. 23321      (*Pro Hac Vice)
Natalie Morris
La. State Bar No. 38096      (*Pro Hac Vice)
Philip Francis Cossich, Jr.
La. State Bar No. 01788      (*Pro Hac Vice)
8397 Hwy. 23, Suite 100
Belle Chasse, Louisiana 70037
Telephone:    504.394.9000
Facsimile:    504.394.9110
acvitanovic@cossichlaw.com
btaylor@cossichlaw.com
dsumich@cossichlaw.com
nmorris@cossichlaw.com

BRENT COON AND ASSOCIATES

By:_____

Brent W. Coon
Texas State Bar No. 04769750
John R. Thomas
Texas State Bar No. 19856400
Eric Wayne Newell
Texas State Bar No. 24046521
215 Orleans
Beaumont, Texas 77701
Telephone:    409.835.2666
Facsimile:    409.835.1912
brent@bcoonlaw.com
eric_newell@bcoonlaw.com
john@bcoonlaw.com

PIERCE SKRABANEK, PLLC

By:_____

Michael E. Pierce
Texas State Bar No. 24039117
Federal I.D. No. 597900
Eduardo J. Garza

10

Texas State Bar No. 24099892
Federal I.D. No. 2984657
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone:   832.690.7000
Facsimile:   832.616.5576
michael@pstriallaw.com
eduardo@pstriallaw.com

SIMPSON BEETON SHABOT AND MCCONNELL

By:_____

Samuel Shabot
Texas State Bar No. 24055007
Fed. I.D. No.: 1058956
Timothy A. Beeton
Texas State Bar No. 02043600
Federal ID No. 8373
Amy B. Archambault
Texas State Bar No. 24055110
Federal ID No. 670238
2200 Market Street, Suite 801
Galveston, Texas 77550
Telephone:   409.766.1661
Facsimile:    409.750.8372
bshabot@simpsonbeeton.com
tbeeton@simpsonbeeton.com
amy@simpsonbeeton.com

PIVACH PIVACH HUFFT THRIFFLEY AND DUNBAR, LLC

By:_____

Corey Evan Dunbar
Texas State Bar No. 24076801
Fed. I.D. No. 1125433
8311 Highway 23, Suite 104
Belle Chasse, Louisiana 70037
Telephone:   504.394.1870
Facsimile:    504.393.2553
cdunbar@pivachlaw.com

and

GARBIN LAW FIRM

> V. Jacob Garbin
> Louisiana State Bar No. 27808 (*Pro Hac Vice*)
> 535 Derbigny Street
> Gretna, Louisiana 70053
> Telephone:    504.217.5454
> Facsimile:    504.217.5300
> jacob@garbinlaw.com

**ATTORNEYS FOR CLAIMANTS**

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIALLY PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED: _____

1