IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | |
| | § | |
| v. | § | |
| | § | |
| | § | C.A. NO. 3:19-cv-00207 |
| FPG SHIPHOLDING PANAMA 47 S.A., | § | |
| K LINE ENERGY SHIP MANAGEMENT, | § | |
| and the VLGC GENESIS RIVER, *in rem* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY INLAND | § | Rule 9(h) Admiralty |
| MARINE, LP, in a cause for exoneration | § | |
| from or limitation of liability | § | Demand for Jury Trial |

---

## ANSWER AND CLAIMS

---

NOW INTO COURT, through undersigned counsel, comes Captain Henry's Seafood, Inc. ("Claimant"), who files this Answer and Claim to the Verified Complaint and Petition for Exoneration From or Limitation of Liability filed by Petitioners-in-Limitation, FPG Shipholding Panama 47 S.A. ("FPG"), Ship No. 138 Co. Ltd. ("Ship 138"), Ship No. 139 Co. Ltd. ("Ship 139"), Genesis River Shipping, S.A. ("GR Shipping"), "K" Line Energy Ship Management Co., Ltd. ("K-Line"), the VLGC Genesis River, collectively the "GR Interests" as follows:

## ANSWER TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

### FIRST DEFENSE

The Complaint of the GR Interests fails to state a claim or cause of action upon which relief can be granted.

## SECOND DEFENSE

Claimant avers that they were not in any manner negligent or guilty of any acts or omissions or breaches of duty in connection with the incident forming the subject matter of this litigation and that this incident was caused by the GR Interests and/or others for whom claimant is not responsible.

## THIRD DEFENSE

The negligence and/or fault of the GR Interests, as well as the unseaworthiness of the VLGC Genesis River occurred within the privity of knowledge of the GR Interests and, as such, the GR Interests are not entitled to exoneration from or limitation of liability.

## FOURTH DEFENSE

Claimant contests the value of the interest claimed by the GR Interests in the VLGC Genesis River and pending freight and the GR Interests are obligated to provide proper security for the true value of the vessel and her pending freight.

## FIFTH DEFENSE

Claimant asserts that the proper security posted should include the true value of not only the VLGC Genesis River but also the value of her freight.

## SIXTH DEFENSE

The complaint is barred by prescription, preemption and/or laches.

## SEVENTH DEFENSE

Complaint specifically reserves the right to supplement, amend and/or modify their answers and defenses to conform to any such facts as may be revealed during discovery or otherwise.

**EIGHTH DEFENSE**

And now answering each and every allegation of the original complaint, the Complainant responds as follows:

The allegations of the introductory paragraph cite to legal conclusions and are denied for lack of sufficient information to justify a belief therein.

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 do not require Claimant to admit or deny the allegations as they contain jurisdictional statements and require no answer from complainant; however, out of an abundance of caution, the allegations are denied.

9.

The allegations of Paragraph 9 do not require Claimant to admit or deny the allegations as they contain jurisdictional statements and require no answer from complainant; however, out of an abundance of caution, the allegations are denied.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied insofar as to any allegations of no fault against the GR Interests, and the remaining allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of Paragraph 20, including but not limited to GR Interests alleged entitlement to exoneration from or limitation of liability, are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein, including but not limited to any allegations with regard to the valuation of the VLGC Genesis River and her pending freight and any allegations that the GR Interests are subject to exoneration from or limitation of liability for the incident.

23.

While maintaining the position that the GR Interests do not have the right to be exonerated from or limited in their respective liability, the allegations of Paragraph 23, including but not limited to the sufficiency of the security posted, are denied for lack of sufficient information to justify a belief therein.

24.

While maintaining the position that the GR Interests do not have the right to be exonerated from or limited in their respective liability, the allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations and prayer for relief including but not limited to those set forth in subparts (1)-(5), the Verification, and the Unsworn Declaration Under Penalty of Perjury

Pursuant to 28 U.S.C. § 1746 of Takaki Suzuki, are denied in full and/or denied for lack of sufficient information to justify a belief therein.

WHEREFORE Claimant prays that this Honorable Court deny Petitioners-in-Limitation FPG, Ship 138, Ship 139, GR Shipping, K-Line and VLGC Genesis River the right to exoneration from or limitation of liability.  Further, Claimant reserves its right to contest the valuation of the vessel, and its pending freight at the time of the actions described in the Claimant's claim herein.  Claimant also prays for such further orders and relief to which Claimant is entitled, whether at law, in admiralty, or in equity and hereinafter sets forth its Claim against the GR Interests.

### CLAIM IN THE MATTER OF THE COMPLAINT OF THE OWNERS OF THE VLGC GENESIS RIVER FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW INTO COURT, through undersigned counsel, comes Claimant, Captain Henry's Seafood, Inc. (hereinafter sometimes referred to as "Claimant"), who files the following claim in the above-referenced exoneration from or limitation of liability proceedings against the Petitioners-in-Limitation, FPG Shipholding Panama 47 S.A. ("FPG"), Ship No. 138 Co. Ltd. ("Ship 138"), Ship No. 139 Co. Ltd. ("Ship 139"), Genesis River Shipping, S.A. ("GR Shipping") and "K" Line Energy Ship Management Co., Ltd. ("K-Line"), collectively the "GR Interests" of the VLGC GENESIS RIVER.

1.

Claimant, Captain Henry's Seafood, Inc. is a business corporation formed under the laws of the State of Texas, authorized to do business and doing business in the State of Texas.

2.

Made Defendants (collectively the "GR Interests") herein are:

a. FPG Shipholding Panama 47 S.A. (hereinafter sometimes referred to as "FPG") a foreign corporation organized and existing under the laws of the Republic of Panama with its principal place of business in Panama City, Republic of Panama, and, at all pertinent times herein, the registered owner of the VLGC Genesis River;

b. Ship No. 138 Co. Ltd. (hereinafter sometimes referred to as "Ship 138") a foreign corporation organized and existing under the laws of Japan with a registered office in Tokyo, Japan, and at all pertinent times herein an owner of the VLGC Genesis River;

c. Ship No. 139 Co. Ltd. (hereinafter sometimes referred to as "Ship 139") a foreign corporation organized and existing under the laws of Japan with a registered office in Tokyo, Japan, and at all pertinent times herein an owner of the VLGC Genesis River;

d. Genesis River Shipping, S.A. (hereinafter sometimes referred to as "GR Shipping") a foreign corporation organized and existing under the laws of the Republic of Panama with its principal place of business in Panama City, Republic of Panama, and at all pertinent times herein the bareboat charterer of the VLGC Genesis River;

e. "K" Line Energy Ship Management Co., Ltd. (hereinafter sometimes referred to as "K-Line")  a foreign corporation organized and existing under the laws of Japan with its principal place of business in Tokyo, Japan, and at all pertinent times herein the manager of the VLGC Genesis River.

f. VLGC Genesis River, a Panamanian flagged LPG carrier bearing Official Number 9791224.

3.

On information and belief, FPG, Ship 138, Ship 139, GR Shipping, and K-Line were the owners and/or operators and/or managers of the VLGC Genesis River.

8

4.

Petitioners-in-Limitation have filed a Complaint as owners of the VLGC Genesis River in this action, seeking, in part, statutory relief under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 et seq.) as a result of property damage and economic damage caused to Claimant. Petitioners-in-Limitation have also sought relief under a number of other causes of action including the Oil Pollution Act and Maritime Laws and State Common Laws.  Claimant hereby reiterates each of the answers and defenses raised in the Answer filed herewith and further denies the right of Petitioners-in-Limitation to exonerate themselves from liability, and/or to deny and/or to limit their liability in this matter under any of the causes of action asserted in its Complaint.  With that said, Claimant hereby asserts its claim for damages as required by Court Order under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 et seq.) and further asserts its right to any available claims, causes of action and damages available to Claimant now or in the future against Petitioners-in-Limitation or third parties under applicable maritime or state laws, including but not limited to the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 et seq.) and the Oil Pollution Act while herein specifically reserving the right to assert, by way of this or unrelated litigation, any viable claims against any parties arising from the underlying incident.

5.

At all pertinent times herein Claimant, Captain Henry's Seafood, Inc. was operating in the commercial fishing industry and processing, purchasing, distributing and/or selling oysters, shrimp, crawfish, and/or fish caught and/or harvested in and around the waters of Galveston Bay, Texas.

6.

Claimant earns income from operations that significantly and directly involve the resources located in and around the area in which this collision and spill took place, including but not limited to the area in and around the waters of Galveston Bay.

7.

At all pertinent times hereto, and more particularly during the time period of May 10, 2019 and thereafter, Petitioners-in-Limitation negligently conducted operations which resulted in Petitioners-in-Limitation's VLGC Genesis River colliding with barge KIRBY 30015T pushed by M/V VOYAGER in the vicinity of Houston Ship Channel, Texas, causing the Reformate carried aboard KIRBY 30015T to spill into Galveston Bay; additionally, the collision caused barge MMI 3041, also pushed by M/V VOYAGER, to capsize into the Houston Ship Channel in Galveston Bay.

8.

At all times pertinent herein, the actions and inactions and unseaworthiness of the VLGC Genesis River and their crew were within the privity and knowledge of the Petitioners-in-Limitation and their owners, members, officers, and agents.

9.

The aforesaid incident and resulting damages to Claimant were not caused or contributed to by any fault, negligence or want of care on the part of Claimant, but were caused or contributed in whole or in part by the unseaworthiness of the VLGC Genesis River by the fault, negligence, and want of care on the part of the VLGC Genesis River, their officers and crew, and/or the fault, negligence and want of care on the part of Petitioners-in-Limitation, their agents, servants, and employees.  Each and every act or omission on the part of Petitioners-in-

10

Limitation constitute negligence and were proximate and legal causes of Claimant's damages. The foregoing acts and unseaworthiness are within the privity and knowledge of Petitioners-in-Limitation:

a. The VLGC Genesis River was unseaworthy and not manned, fitted, and equipped properly for the voyage undertaken;

b. The VLGC Genesis River failed to make use of all available means to determine that the risk of collision existed;

c. The VLGC Genesis River failed to properly and reasonably notify surrounding vessels and facilities of the potential for collision once it existed;

d. The VLGC Genesis River was manned by an insufficient number of crew to carry out required tasks;

e. The VLGC Genesis River was manned by an incompetent crew who were inattentive to their duties;

f. The VLGC Genesis River was insufficiently powered for the size and configuration of its tow;

g. The VLGC Genesis River failed to chart and maintain a safe speed and course;

h. Petitioners-in-Limitation failed to insure that their personnel had sufficient knowledge and/or training to safely perform their duties;

i. Petitioners-in-Limitation failed to insure that a proper lookout would be maintained and failed to maintain a proper listening watch onboard the VLGC Genesis River;

j. Petitioners-in-Limitation failed to provide adequate navigational equipment to insure the VLGC Genesis River's safety and/or failed to properly train the VLGC Genesis River's captain and crew in the proper use of navigational equipment;

k. Petitioners-in-Limitation failed to properly instruct its personnel in the event of emergency situations;

l. Petitioners-in-Limitation failed to properly vet, supervise, and train their personnel and negligently entrusted the VLGC Genesis River to an incompetent crew;

m. Petitioners-in-Limitation negligently created, implemented, and oversaw the use of an inadequate safety management system, which rendered the VLGC Genesis River unseaworthy;

11

n. Petitioners-in-Limitation failed to exercise reasonable care under the circumstances; and

o. Other negligent acts or omissions to be established at the trial of this matter.

10.

At all times pertinent hereto, Petitioners-in-Limitation owned, managed, chartered, had the care, custody and control of and/or supervised the activities of the VLGC Genesis River.

11.

The aforementioned incident caused damages and other harmful effects to the water, water bottoms, and fisheries in and around the waters of Galveston Bay so as to make those areas unsuitable for ordinary fishing activities.

12.

As a result of the aforementioned incident, Claimant's business operations and/or employment was negatively impacted causing Claimant to sustain past and future economic damages.

13.

The aforementioned damages were caused by the collision of the VLGC Genesis River with barge KIRBY 30015T pushed by M/V VOYAGER; at all pertinent times the VLGC Genesis River was owned, managed, chartered, operated and/or controlled by Petitioners-in-Limitation resulting in the subsequent spill of Reformate from barge KIRBY30015T pushed by M/V Voyager, which was, upon information and belief, the direct result of the negligent acts of Petitioners-in-Limitation including their negligent failure to keep a proper lookout for the VLGC Genesis River, and by other acts or omission of negligence set forth herein and that will be shown at the trial of this matter.

14.

As a result of the negligent actions and/or omissions of Petitioners-in-Limitation, Claimant itemizes damages as follows, to wit:

1. Loss of past and future income;

2. Loss of Earning Capacity;

3. Loss of business reputation and goodwill; and

4. Any and all other damages which will be shown at the trial of this matter.

15.

All the damages incurred herein and all the negligent acts and omissions of Petitioners-in-Limitation, FPG, Ship 138, Ship 139, GR Shipping, K-Line and VLGC Genesis River, occurred in the waters in and around Galveston Bay, State of Texas, and within the jurisdiction of this Court.  Wherefore, Claimant has and will continue to incur damages because of the negligence, fault, carelessness and/or omissions of FPG, Ship 138, Ship 139, GR Shipping, K-Line and VLGC Genesis River.  Claimant also prays for such further orders and relief to which it is entitled, whether at law or in equity.

16.

Claimant reserves and preserves the right to proceed in a chosen forum if and when Petitioners-in-Limitation FPG, Ship 138, Ship 139, GR Shipping, K-Line and VLGC Genesis River's Complaint for Exoneration from or Limitation of Liability is dismissed and/or the injunction preventing Claimant from filing a formal claim for damages is dissolved.

17.

Claimant hereby asserts a claim for punitive damages under any and all applicable laws including but not limited to General Maritime Law and any and all other federal or state laws

applicable to this matter and arising from actions and/or omissions of Petitioners-in-Limitation, the GR Interests.

18.

In addition to the allegations set forth in its Answer and Claim, Claimant hereby reserves and specifically does not waive the right to pursue any and all available causes of action and damages against any parties in relation to the underlying collision and contaminant spill for any and all acts of negligence and/or fault in connection with the incident which forms the basis of the pending Complaint for Exoneration and/or Limitation of Liability and including but not limited to any rights available to Claimant under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq*.), the Oil Pollution Act, and any other applicable maritime, federal and state laws.

Respectfully submitted,

P. Scott Summy
(Texas Bar No. 19507500)
M. Cristina Sanchez
(Texas Bar No. 24041856)
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 521-3605
Fax: (214) 520-1181

14

Philip F. Cossich Jr.
(Louisiana Bar No. 1788 PHV)
Darren D. Sumich
(Louisiana Bar No. 23321 PHV)
Brandon Taylor
(Louisiana Bar No. 27662 PHV)
Natalie Morris
(Louisiana Bar No. 38096 PHV)
Andrew Cvitanovic
(Louisiana Bar No. 34500 PHV)
**COSSICH SUMICH PARISOLA**
 **& TAYLOR, LLC**
8397 Highway 23, Ste. 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Fax: (504) 394-9110

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Answer & Claims on January 14, 2020, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Galveston Division.

15