IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| FPG SHIPHOLDING PANAMA 47 S.A., | § | C.A. NO. 3:19-cv-00207 |
| K LINE ENERGY SHIP MANAGEMENT, | § | |
| and the VLGC GENESIS RIVER, *in rem* | § | |

************************************************************

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY INLAND | § | Rule 9(h) Admiralty |
| MARINE, LP, in a cause for exoneration | § | |
| from or limitation of liability | § | |

## UNOPPOSED MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE LATE CLAIMS

NOW INTO COURT, through undersigned counsel, Baron & Budd, P.C. and Cossich, Sumich, Parsiola & Taylor LLC Claimants, as more fully named in Exhibit 1 attached hereto and incorporated herein, (hereinafter "Claimants") respectfully request this Honorable Court grant leave for Claimants to file late claims in response to Kirby Inland Marine, LP's Original Complaint and Petition for Exoneration From or Limitation of Liability. Counsel for all parties has been informed of the intent to file this motion and the timing of the same via email and, to date, the undersigned has not received any opposition.

The United States Fifth Circuit Court of Appeals adopted the rule "that 'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims * * *' upon a showing of the reasons therefore." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F. 2d 359, 362 (5th Cir. 1963) citing 3 Benedict, Admiralty § 518, p. 542 (Knauth ed. 1940). Kirby Inland Marine, LP filed its petition for limitation on June 19, 2019 setting a quick monition period ending on the

1

25th of August, 2019. The late filing Claimants were under the mistaken impression that they had retained counsel and they had timely filed, and were unaware they had not retained counsel and therefore did not meet the deadline to file their claims.  Kirby has not filed a motion for default yet.  Further, there is a three year limitation period attached to the Oil Pollution Act Claims which are also available to these potential Claimants regardless of the pending Limitation Action, which would result in claims for similar, if not identical damages, as asserted in the Answers and Claims proposed herein.  For these reasons, Claimants suggest that there will be no prejudice to the rights of the already joined parties.

　　　　WHEREFORE PREMISES CONSIDERED, Claimants pray this Honorable Court issue an order granting Claimants leave to file Claimants' Late Claims.

Respectfully submitted,

P. Scott Summy
(Texas Bar No. 19507500)
M. Cristina Sanchez
(Texas Bar No. 24041856)
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 521-3605
Fax: (214) 520-1181

[Signature Block Continued on Next Page]

Philip F. Cossich Jr.
Louisiana Bar No. 1788 (PHV)
Darren D. Sumich
Louisiana Bar No. 23321 (PHV)
Brandon Taylor
Louisiana Bar No. 27662 (PHV)
Natalie Morris
Louisiana Bar No. 38096 (PHV)
Andrew Cvitanovic
Louisiana Bar No. 34500 (PHV)
COSSICH SUMICH PARISOLA
& TAYLOR, LLC
8397 Highway 23, Ste. 100
Belle Chasse, LA 70037
(504) 394-9000
(504) 394-9110 (facsimile)

## CERTIFICATE OF CONFERENCE

I hereby certify that I have consulted with all counsel for parties concerning the Claimants Motion for Leave to File Amended Claims and all counsel are unopposed with the entry of the Court's Order granting Claimants Motion for Leave to File Late Claims.

/s/ Natalie Morris

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 28th day of August 2020 with a copy of the above document via the court's CM/ECF System per Local Rule 5.1.

3