UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DISTRICT

| | | |
|---|---|---|
| **KIRBY INLAND MARINE, LP** | * | NO. 3:19-CV-00207 |
| *Plaintiff* | * | |
| | * | |
| v. | * | JUDGE |
| | * | GEORGE C. HANKS, JR. |
| **FPG SHIPHOLDING PANAMA 47 S.A.,** | * | |
| **K LINE ENERGY SHIP MANAGEMENT,** | * | MAGISTRATE JUDGE |
| and the **VLGC GENESIS RIVER,** *in rem* | * | ANDREW M. EDISON |
| *Defendants* | * | |
| | * | |
| IN THE MATTER OF KIRBY INLAND | * | Rule 9(h) Admiralty |
| MARINE, LP, in a cause of exoneration | * | |
| from or limitation of liability | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### FIRST AMENDED THIRD PARTY COMPLAINT

NOW INTO COURT, through undersigned counsel, come the Pierce Skrabanek, PLLC Claimants,[1] who file this First Amended Third Party Complaint.

1.

Made Third Party Defendants herein are:

(a)    **FPG Shipholding Panama 47 S.A.** ("FPG"), a foreign corporation duly organized existing under the laws of the Republic of Panama with an office and principal place of business at Paseo del Mar and Pacific Avenues, Costa del Este, MMG Tower, 23rd Floor, Panama City, Republic of Panama and, at all relevant times, the registered owner of the VLGC GENESIS RIVER;

---

[1]    The lists of the Claimants filing this Third Part Complaint are attached hereto as Exhibits "A" and "B."

(b) **"K" Line Energy Ship Management Co., Ltd.** ("K Line"), *in personam*, a corporation duly organized and existing under the laws of the Japan with an office and principal place of business at 15th Floor, Iino Bldg., 1-1, Uchisaiwaicho 2-Chome, Chiyoda-ku, Tokyo 100-0011, Japan, and at all relevant times, the manager of the VLGC GENESIS RIVER;

(c) **Genesis River Shipping, S.A., FPG**, a corporation duly organized and existing under the laws of the Republic of Panama with an office and principal place of business at Paseo del Mar and Pacific Avenues, Costa del Este, MMG Tower, 23rd Floor, Panama City, Republic of Panama, and , at all relevant times, a bareboat charterer of the VLGC GENESIS RIVER;

(d) **Ship No. 138 Co. Ltd.**, a corporation organized and existing under the laws of Japan with a registered office at 7-2, Marunouchi 2-chome, Minatoku, Tokyo, Japan and, at all relevant times, an owner of the VLGC GENESIS RIVER;

(e) **Ship No. 139 Co. Ltd.**, a corporation organized and existing under the laws of Japan with a registered office at 7-2, Marunouchi 2-chome, Chiyodaku, Tokyo, Japan, and, at all relevant times, an owner of the VLGC GENESIS RIVER;

(f) **VLGC GENESIS RIVER**, *in rem*, an LPG carrier bearing IMO No. 9791224; Third Party Defendants, FPG Shipholding Panama 47 S.A., "K" Line Energy Ship Management Co., Ltd., Genesis River Shipping, S.A., FPG, Ship No. 138 Co. Ltd., Ship No. 139 Co. Ltd., and VLGC GENESIS RIVER, are referred to herein collectively as the "Genesis River Defendants."

(g) **BW VLGC Ltd.**, a foreign business entity with its principal place of business in Norway and the registered owner of BW OAK;

(h) **BW Gas AS**, a foreign business entity with its principal place of business in Norway and the manager of BW OAK;

(i) **BW Fleet Management AS**, *in personam*, a foreign business entity with its principal place of business in Norway and the manager of BW OAK; and

(j) **VLGC BW OAK**, *in rem*, an LPG carrier bearing IMO No. 9320764.

Third Party Defendants, BW VLGC Ltd., BW Gas AS, BW Fleet Management AS, and VLGC BW OAK, are referred to herein collectively as the "BW Oak Defendants."

## JURISDICTION

2.

This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims asserted in this Third-Party Complaint because the claims asserted in the Third-Party Complaint arise out of the same facts and circumstances as the claims asserted in Plaintiff's Original Complaint and are so related to the claims asserted that they form part of the same case and controversy. Further, this Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Third-Party Defendant vessel was within the District at the time of the incident in question and, therefore, within the jurisdiction of the Court.

3.

Plaintiffs-in-Limitation, Kirby Inland Marine, LP, as owner of M/V VOYAGER, KIRBY 30015T, and MMI 3041, as well as the Genesis River Defendants and the BW Oak Defendants are liable to Claimants jointly severally, and in solido.

4.

At all pertinent times herein, Claimants were interest holders in the waters in and around Galveston Bay, operating in the commercial fishing industry and processing, purchasing, distributing, and/or selling oysters, shrimp, and/or fish from in and around Galveston Bay, State

of Texas, including, but not limited to, government entities, property owners, seafood business owners, oyster harvesters, shrimp harvesters, owners and/or captains of oyster harvesting vessels, owners and/or captains of shrimp harvesting vessels, and/or had a proprietary interest in and were the lease holders of certain state waterbottoms for oyster bedding purposes located in Galveston Bay. Claimants' business operations and/or oyster leases have sustained damage as a result of the incidents set forth herein.

5.

Claimants earn revenue and income from operations that significantly and directly involve the resources located in and around the area in which this collision and spill took place, including, but not limited to, the area in and around Galveston Bay.

6.

At all times pertinent hereto, and more particularly during the time period of May 10, 2019, and thereafter, Plaintiffs-in-Limitation, Kirby Inland Marine, LP, as owner of M/V VOYAGER, KIRBY 30015T, and MMI 3041, as well as, the Genesis River Defendants and the BW Oak Defendants, negligently conducted operations which resulted in their respective vessels colliding in the vicinity of Houston Ship Channel, Texas, causing the Reformate carried aboard KIRBY 30015T to spill into Galveston Bay; additionally, the collision caused Plaintiffs-in-Limitation's barge MMI 3041, also pushed by Plaintiffs-in-Limitation's M/V VOYAGER, to capsize into the Houston Ship Channel in Galveston Bay.

7.

At all times pertinent herein, the actions and inactions and unseaworthiness of the M/V VOYAGER, the KIRBY 30015T, the MMI 3041, the VLGC GENESIS RIVER, and the VLGC BW OAK and their respective crew were within the privity and knowledge of Kirby Inland Marine,

LP, the Genesis River Defendants, and the BW Oak Defendants, and their respective owners, members, officers and agents.

8.

The aforesaid incident and resulting damages to Claimants were not caused or contributed to by any fault, negligence or want of care on the part of Claimants, but were caused or contributed in whole or in part by the unseaworthiness of the M/V VOYAGER, the KIRBY 30015T, the MMI 3041, the VLGC GENESIS RIVER, and the VLGC BW OAK, by the fault, negligence and want of care on the part of the M/V VOYAGER, the KIRBY 30015T, the MMI 3041, the VLGC GENESIS RIVER, and the VLGC BW OAK and their respective officers and crew, and/or the fault, negligence and want of care on the part of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants, their respective agents, servants and employees. Each and every act or omission on the part of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants constitutes negligence and was a proximate and legal cause of Claimants' damages. The foregoing acts and unseaworthiness are within the privity and knowledge of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants.

9.

The aforementioned incident caused damages and other harmful effects to the water, water bottoms, and fisheries in and around Galveston Bay so as to make those areas unsuitable for ordinary fishing activities.

10.

As a result of the aforementioned incident, Claimants were unable to conduct normal business operations, including, but not limited to, fishing, harvesting and selling oysters and shrimp from Galveston Bay.

11.

As a result of the aforementioned incident, Claimants' revenue, income, livelihood, business operations, and/or employment were negatively impacted causing Claimants to sustain past and future economic damages.

12.

The aforementioned damages were caused by the herein described collision and subsequent spill involving the vessel owned, operated and/or controlled by Plaintiffs-in-Limitation, the Genesis River Defendants, and/or the BW Oak Defendants, which was, upon information and belief, the direct result of the negligent acts of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants.

13.

As a result of the negligent actions and/or omissions of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants, Claimants itemize their damages as follows, to wit:

1. Loss of past and future income;

2. Loss of earning capacity;

3. Delay damages for the time that Claimants were unable to operate in Galveston Bay;

4. Property damages including past and future loss of value;

5. Loss of business reputation and goodwill; and

6. Damage to and destruction of oysters, oyster leases, and waterbottoms, including lost value of oysters;

7. Diminution of the value of Claimants' leasehold interest;

8. Restoration and/or replacement costs of natural resources damaged or destroyed as a result of the acts of Claimants-in-Limitation, including reefs, water bottoms and shell plants;

9.      Any and all other damages which will be shown at the trial of this matter.

14.

All the damages incurred herein and all the negligent acts and omissions of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants occurred in the Galveston Bay, State of Texas and within the jurisdiction of this Court. Wherefore, Claimants have and will continue to incur damages because of the negligence, fault, carelessness and/or omissions of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants. Claimants also prays for such further orders and relief to which it is entitled, whether at law or in equity.

15.

Claimants reserve and preserve unto themselves the right to proceed in a chosen forum if and when Plaintiffs-in-Limitation's or any other Complaint for Exoneration from or Limitation of Liability is dismissed and/or the injunction preventing Claimants from filing a formal claim for damages is dissolved.

16.

Claimants hereby reserve and specifically does not waive their right to pursue any and all available causes of action and damages against any parties in relation to the underlying collision and contaminant spill for any and all acts of negligence and/or fault in connection with the incident which forms the basis of the pending Complaint for Exoneration and/or Limitation of Liability a including but not limited to any rights available to Claimants under the Shipowner's Limitation of Liability Act (46 U.S.C. §30501 *et seq.*), the Oil Pollution Act, the Texas Oil Spill Prevention and Response Act of 1991, and any other applicable maritime, federal, and state laws.

17.

Claimants hereby assert a claim for punitive damages under any and all applicable laws including but not limited to General Maritime Law and any and all other federal or state laws applicable to this matter and arising from actions and/or omissions of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants.

WHEREFORE, Pierce Skrabanek Claimants pray that this First Amended Third Party Complaint be deemed good and sufficient, that Third Party Defendants, Third Party Defendants, FPG Shipholding Panama 47 S.A., "K" Line Energy Ship Management Co., Ltd., Genesis River Shipping, S.A., FPG, Ship No. 138 Co. Ltd., Ship No. 139 Co. Ltd., VLGC GENESIS RIVER, be duly cited to appear and answer same within the delays allowed by law, and that following all due delays and legal proceedings, judgment be rendered in favor of Third Party Plaintiffs Claimants and against Plaintiffs-in-Limitation, Kirby Inland Marine, LP, as owner of M/V VOYAGER, KIRBY 30015T, and MMI 3041; Third Party Defendants, FPG Shipholding Panama 47 S.A., "K" Line Energy Ship Management Co., Ltd., Genesis River Shipping, S.A., FPG, Ship No. 138 Co. Ltd., Ship No. 139 Co. Ltd., VLGC GENESIS RIVER; and Third Party Defendants, BW VLGC Ltd., BW Gas AS, BW Fleet Management AS, and VLGC BW OAK, jointly severally and _in solido,_ for all reasonable general, special, and punitive damages Claimants have and will continue to incur because of the negligence, fault, carelessness and/or omissions of Plaintiffs-in-Limitation, the Genesis River Defendants, and the BW Oak Defendants. Claimants also pray for such further orders and relief to which they are entitled, whether at law or in equity, in an amount reasonable in the premises, together with penalties and legal interest from date of judicial demand, and for all costs incurred, including attorney's fees, and all general and equitable relief that this Honorable Court deems fit and proper.

RESPECTFULLY SUBMITTED:

**PIERCE SKRABNEK, PLC**

/s/ Eduardo J. Garza
Michael E. Pierce
Texas State Bar No. 24039117
Federal Bar No. 597900
Eduardo J. Garza
Texas State Bar No. 24099892
Federal Bar No. 2984657
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: 832.690.7000
Facsimile: 832.616.5576
michael@pstriallaw.com
eduardo@pstriallaw.com

**ATTORNEYS FOR THE
PIERCE SKRABANEK, PLLC CLAIMANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 12th day of March, 2021, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Eduardo J. Garza
Eduardo J. Garza