IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 3:19-CV-00207 |
| | § | |
| FPG SHIPHOLDING PANAMA 47 S.A., | § | |
| K LINE ENERGY SHIP | § | |
| MANAGEMENT, and the | § | |
| VLGC GENESIS RIVER, *in rem* | § | |

**************************

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY INLAND | § | Rule 9(h) Admiralty |
| MARINE, LP, in a cause of exoneration | § | |
| from or limitation of liability | § | Non-Jury |

### THE GENESIS RIVER INTERESTS' ANSWER TO
### CLAIM FILED BY JOHN WHEAT

COME NOW, Petitioners FPG Shipholding Panama 47 S.A., Ship No. 138 C. Ltd., Ship No. 139 Co. Ltd., as owner, Genesis River Shipping, S.A., and "K" Line Energy Ship Management Co., Ltd., (collectively the "Genesis River Interests" or "Petitioners") who file this answer to the Claim in Limitation (Doc. 545) filed by John Wheat.

### ANSWER

Mr. Wheat's claim is set forth in the sections of his pleading (Doc. 545) entitled "CLAIM IN THE MATTER OF THE COMPLAINT OF THE OWNERS OF THE VLGC GENESIS RIVER FOR EXONERATION FROM OR LIMITATION OF LIABILITY."

Petitioners specifically answer the allegations of Mr. Wheat as follows:

1. Petitioners lack information or knowledge sufficient to form the basis of a belief as to the truth of the allegations contained in paragraph 1.

2. Petitioners admit the allegations contained in paragraph 2(a)-(f).

3. Petitioners admit the allegations contained in paragraph 3.

4. Petitioners admit the allegations contained in paragraph 4 insofar as they filed a Petition for Limitation of Liability. Petitioners deny Mr. Wheat is entitled to the relief requested.

5. Petitioners lack information or knowledge sufficient to form the basis of a belief as to the truth of the allegations contained in paragraph 5.

6. Petitioners admit the VLGC GENESIS RIVER collided with KIRBY 3015T, the MMI 3041 capsized, and the cargo of reformate spilled. Petitioners deny the remaining allegations contained in paragraph 6.

7. Petitioners deny the allegations contained in paragraph 7.

8. Petitioners deny the allegations contained in paragraph 8(a)-(o).

9. Petitioners admit the allegations contained in paragraph 9 insofar as they owned, managed, and/or chartered the VLGC GENESIS RIVER.

10. Petitioners lack information or knowledge sufficient to form the basis of a belief as to the truth of the allegations contained in paragraph 10.

11. Petitioners lack information or knowledge sufficient to form the basis of a belief as to the truth of the allegations contained in paragraph 11.

12. Petitioners admit the allegations contained in paragraph 12 insofar as they owned, managed, and/or chartered the VLGC GENESIS RIVER. Petitioners also admit the

VLGC GENESIS RIVER collided with KIRBY 3015T, the MMI 3041 capsized, and the cargo of reformate spilled. Petitioners deny the remaining allegations contained in paragraph 12.

13.     Petitioners deny the allegations contained in paragraph 13 and deny Mr. Wheat is entitled to the damages alleged in paragraph 13(1)-(6).

14.     Petitioners admit the allegations contained in paragraph 14 insofar as jurisdiction is proper in this Court. Petitioners deny the remaining allegations in paragraph 14.

15.     Paragraph 15 contains legal assertions which requires no response. To the extent a response is required, Petitioners deny the allegations contained in paragraph 15.

16.     Petitioners deny the allegations contained in paragraph 16 and deny Mr. Wheat is entitled to the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Mr. Wheat has failed to state a claim upon which relief may be granted, and therefore his claim is barred.

## SECOND AFFIRMATIVE DEFENSE

Mr. What's claim is barred by the Oil Pollution Act, 33 U.S.C. §§ 2701 – 2762.

## THIRD AFFIRMATIVE DEFENSE

Petitioners invoked the Limitation of Liability Act §§ 30501 *et seq*. and are entitled to the protections afforded under the Limitation of Liability Act.

## FOURTH AFFIRMATIVE DEFENSE

Petitioners adopt by reference any applicable defense pleaded by a co-defendant not expressly set forth herein.

## FIFTH AFFIRMATIVE DEFENSE

The damages Mr. Wheat alleges he sustained as a result of the incident were due to the negligence or other wrongful acts of omissions of persons or entities other than Petitioners; however, in the unlikely event that a finding is made that negligence exists on the part of Petitioners which proximately contributed to the damages alleged, Petitioners' liability, if any, which is expressly denied, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the damages upon which Mr. Wheat seeks recovery.

## SIXTH AFFIRMATIVE DEFENSE

The damages Mr. Wheat alleges he sustained was due to the negligence or other wrongful acts or omissions of persons or entities other than Petitioners; however, in the event that a finding is made that liability exists on the part of Petitioners, which is herein expressly denied, Petitioners are entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective faults.

## SEVENTH AFFIRMATIVE DEFENSE

The damages Mr. Wheat alleges he sustained as a result of the incident were caused by intervening and superseding causes and were not caused by Petitioners.

63541:45351982

4

### EIGHTH AFFIRMATIVE DEFENSE

The damages Mr. Wheat alleges he sustained were not proximately caused by an act or omission on the part of Petitioners.

### NINTH AFFIRMATIVE DEFENSE

Mr. Wheat has failed to mitigate his damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Any recovery by Mr. Wheat is restricted to actual pecuniary loss.

### ELEVENTH AFFIRMATIVE DEFENSE

Petitioners owed no duty of seaworthiness to Mr. Wheat; however, even assuming that they did owe such a duty, at all times pertinent hereto, the VLGC GENESIS RIVER was tight, staunch, fit, and in all respects seaworthy, and further, was properly operated and equipped.

### TWELFTH AFFIRMATIVE DEFENSE

The foregoing affirmative defenses are raised by Petitioners without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. Petitioners hereby reserve the right to amend or supplement their Answer to assert any other related defenses as they become available.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioners respectfully request that Mr. Wheat take nothing by this action against Petitioners, that the action against Petitioners be dismissed with prejudice and that the Court grant Petitioners costs and other relief as it deems just and proper.

Respectfully submitted,

By: */s/ Dimitri P. Georgantas*
    Dimitri P. Georgantas
    Texas State Bar No.: 07805100
    Fed. I.D. No.: 2805
    Eugene W. Barr
    Texas State Bar No.: 24059425
    Fed. I.D. No.: 1144784
    Kevin P. Walters
    Texas State Bar No.: 20818000
    Fed. I.D. No. 5649
    ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
    1600 Smith Street, Suite 5000
    Houston, Texas 77002
    Telephone: 713.224.8380
    Facsimile: 713.225.9545
    dimitri.georgantas@roystonlaw.com
    eugene.barr@roystonlaw.com
    kevin.walters@roystonlaw.com

ATTORNEYS FOR PETITIONERS

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2021, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

    */s/ Dimitri P. Georgantas*
    Dimitri P. Georgantas